*J. C. Denny*, for appellants.

---

WEBB, Auditor of Fountain County, and Another, *v.* MOORE.

OBLIGATION OF CONTRACTS—REMEDY.—The remedy given by law for the enforcement of a contract, upon a breach of its obligation, may be changed and a more efficient remedy given, if the obligation of the contract is not thereby materially lessened, weakened or impaired.

SCHOOL FUND SALES.—The law in force at the time of the execution of a mortgage to the school fund required the county auditor to give sixty days' notice of sales for the non-payment of the principal or interest of the loans. By subsequent legislation, three weeks' notice was made sufficient. *Held*, that the law reducing the time of notice related only to the remedy, and did not impair the obligation of the contract.

SAME.—The law of 1861 prescribes the only rule for the government of the auditor in selling lands mortgaged to the school fund, for the non-payment of the principal or interest of such loans.

APPEAL from the *Fountain* Circuit Court.

ELLIOTT. J.—Suit by the appellee to set aside the sale of real estate mortgaged to the school fund of *Fountain* county.

The complaint alleges, in substance, that on the 12th day of *August*, 1846, *Samuel Williams*, then the owner thereof, mortgaged the north fourth of lot 154, on the old plat of the town of *Covington*, in *Fountain* county, together with

certain other lots in said town, to the State to secure seventy-five dollars, borrowed by *Williams* of the school fund of said county; that *Moore*, the plaintiff below, is, and since the 30th of *October* 1855 has been, the owner in fee of the undivided half of the north fourth of said lot 154, subject to said mortgage, and the interest thereon; that on the 27th day of *January*, 1862, the said *Webb*, as auditor of *Fountain* county, by virtue of his said office, offered the property so mortgaged at public sale, and bid in and forfeited the same to the State of *Indiana*, for the non-payment of the principal and interest secured by said mortgage; that notice of said sale was published on the 1st, 8th, and 15th days of *January*, 1862, and that since said sale and forfeiture the said *Webb*, as such county auditor, has sold the north fourth of lot 154 to the defendant *Hetfield*, for the sum of fifty dollars, on credit; that the said public sale and forfeiture of said property to the State are fraudulent and void in law, and prays that the same may be set aside, &c.

The defendants filed an answer to the complaint in two paragraphs.

1. A general denial.

2. "The defendants admit the incumbrance charged to exist on the lots specified in the complaint, by mortgage for the amount, and at the date specified in the complaint. They also admit that said premises were advertised to be sold on the terms, and under the notice given, as set forth in the plaintiff's complaint, and that the defendant, *David Webb*, as auditor of said county, did, at the time alleged, bid in said lots in the name of the State of *Indiana*, for the use of the common school fund, and they aver that he did, as such auditor, and in conformity to the laws of this State, enacted in 1861, and approved *March* 11 of that year, cause the same to be appraised at their specie value, and that he sold the said north half of lot 154, on the old plat of *Covington*, at private sale, as he was authorized by law to

do, which includes the said north fourth of said lot 154, as set forth in said plaintiff's complaint, wherefore," &c.

The court sustained a demurrer to the *second* paragraph of the answer, to which the defendants excepted.

The defendants then withdrew the general denial, and "failed and refused to make further answer to the complaint," whereupon the court rendered a final decree setting aside the sale and forfeiture to the State, and the subsequent sale by the auditor to *Hatfield,* and also rendered a judgment against the defendants for costs.

The only error assigned by the appellants is, that "the court erred in sustaining the demurrer of the appellee to the second paragraph of the appellants' answer."

The only question discussed by the counsel of either party, is as to the sufficiency, in point of time, of the notice of the time and place of the public sale of the property, at which it was bid in by the auditor and forfeited to the State. The pleadings, in point of certainty, do not exhibit a very high degree of skill, but will be deemed sufficient to raise the question presented by the briefs of counsel.

The loan was made under the revision of 1843. Section 39 of chapter 13, of that revision, p. 245, prescribes the form of the mortgage in such cases, and section 40, of the same chapter, gives the form of the note to be secured by the mortgage, which is as follows: "I, A. B., promise to pay to the State of *Indiana,* on or before the————, the sum of————, with interest thereon at the rate of seven per cent. per annum, in advance, and do agree that in case of failure to pay any installment of said interest, the said principal sum shall become due and collectable, together with all arrears of interest; and on any such failure to pay principal or interest when due, five per cent. damages on the whole sum due shall be collected, with costs, and the premises mortgaged may be forthwith sold by the auditor, for the payment of such principal sum, interest, damages, and costs." The pleadings in the case do not contain a direct averment of the fact, but we assume that the note and

mortgage in this case were. in accordance with these forms. The statute further provided, that on failure to pay any interest or principal when due, the auditor of the proper county should make sale of so much of the mortgaged premises, to the highest bidder, for cash, as would pay the amount due for principal, interest, damages, and costs of advertising and selling the same; and, in case no one bid the full amount, it was the duty of the auditor to bid in the same on account of the fund, and such sale and bidding in by the auditor vested the title in the State, for the use of the fund. By the provisions of that statute, it was made the duty of the auditor to give *sixty* days' notice of such sale, by publication in a newspaper, &c.

These various provisions were copied, substantially, into the revision of 1852, except that, by the latter, only *three weeks'* notice of the time and place of such sale was required. The school law containing these provisions was again revised in 1855, and again in 1861, but neither of the latter revisions make any material changes in the law of 1852, so far as it related to the loaning of the fund, or the sale of property mortgaged to secure the same; the length of notice required by each is *three weeks.* In the case at bar, it is admitted that the sale was made, including the notice thereof, in strict accordance with the statute of 1861, but the notice was not given for the period of *sixty* days before the day of sale, as required by the statute of 1843, under which the mortgage was made. It is insisted by the appellee that the law of 1843 furnished the proper rule in making the sale, and that the auditor, therefore, could not legally sell, until he had given at least sixty days' notice of the time and place of sale, as required by the law under which the mortgage was executed. Such seems to have been the holding of the Circuit Court, and hence the decree setting the sale aside and declaring it void.

The Circuit Court, in its decision, was doubtless governed by the case of *Hopkins* v. *Jones,* 22 Ind. 310. In that case,

as in this, the mortgage and note were executed under the statute of 1843. The date of the sale by the auditor is not stated, but from a reference in the decision of the case to the act of 1852, we infer that it was made while that act was in force. The question as to whether the statute shortening the time of notice impaired the obligation of the contract, supposing it operative upon it, is stated and discussed. It is there said: "In the case at bar, if the State has attempted to impair the obligation of the contract, it has done so by expediting its enforcement, after breach by one of the parties, not by allowing it to be enforced before the stipulated time." The conclusion of the court, on the point discussed, is expressed thus: "We incline to think the statute mentioned in the first part of this opinion, prescribing the length of time of notice of sale, after default, in cases like that at bar, related to the remedy, though we do not decide the point, and it is settled that the remedy may be altered by the legislature, if a reasonable one be left remaining. *Scobey* v. *Gibson*, 17 Ind. 573. And it is further settled, that an act of the legislature giving a more efficient remedy for the enforcement of the obligation of a contract, after breach, does not impair its obligation. *Wood* v. *Kennedy*, 19 Ind. 68; *Maynes* v. *Moore*, 16 Ind. 116; *Pierce* v. *Mills*, 21 Ind. 27. See *Price* v. *Huey*, 22 Ind. 18; 1 Ind. 446; 2 *id.* 107, 266; 9 Barb., N. Y., 482; 1 Hill 324."

To our minds, it seems clear that reducing the length of time of notice, in such cases, does not impair the obligation of the contract, but, on the contrary, if it can be said to affect the contract in any way, it is to strengthen its obligation, by expediting the remedy for its violation. In the apt language of PERKINS, J., in *Hopkins* v. *Jones, supra*, we ask, "What were the obligations of the contract disclosed in this suit? There was an obligation on the side of the creditor to wait till the money named in the securities appearing in the case became due, before attempting to enforce its payment, and an obligation on the part of the debtor to

Webb, Auditor of Fountain County, and Another *v.* Moore.

pay that money when due, and to permit the land in question to be sold forthwith, if he failed to make the payment." The law, not the contract, provided the manner of sale. The contract imposed the obligation on the parties, the law provided the remedy in case of breach. And we think it well settled that the remedy given by law to enforce a contract, upon a breach of its obligation, may be changed, from time to time, at the will of the legislature. The point guarded by the constitution is, that, in so changing the remedy, care must be taken that the obligation of the contract be not, thereby, materially lessened, weakened, or impaired. It is equally well settled, that the legislature may give a more efficient remedy for the enforcement of the obligation of a contract, after breach, and that such legislation is not repugnant to the constitution of the *United States*, prohibiting a state from passing any law impairing the obligation of contracts.

No clearer case, it seems to us, can be presented, of a statute relating to the remedy only, and in no wise affecting the contract or impairing its obligation, than the one at bar.

In the case of *Hopkins* v. *Jones, supra*, it was held that the act of 1852, shortening the time of notice, was not operative, in that particular, on existing contracts; that "the time of notice was right, under the statute, so long as it was in force, and it should not be taken away by mere implication; and that sales upon mortgages executed prior to the act of 1852, should proceed according to the prior law, under section 2 of the general repealing act." 1 G. & H., 535. The section here referred to saves all rights vested, and suits instituted under then existing laws. The applicability of that section to the provision of the statute under discussion in the case, is not, to our minds, very clearly perceptible; but, without expressing any opinion as to the correctness of the conclusion of the court in that case, the present case is, we think, very clearly distinguishable from that, and especially if the saving clause referred

to in the repealing act of 1852, continued the provision of the act of 1843, as to the length of notice of such sales, in force.

Section 163 of the act of 1861, (see acts of 1861, p. 97,) reads as follows: "All laws heretofore enacted on the subject of common schools, and all other laws and parts of laws in conflict with this act, are hereby repealed." This section is clear, broad and explicit, and leaves no ground for an inference that the provision of the act of 1843, as to notice of such sales, is continued in force. We hold, therefore, that the statute of 1861 prescribes the only rule for the government of the auditor, in selling lands mortgaged to the school fund, for the non-payment of the principal or interest of such loans; and, as the sale in this case was made after that act was in force, and in accordance with its provisions, the Circuit Court erred in sustaining the demurrer to the second paragraph of the answer.

The judgment is reversed, with costs, and the cause remanded to the Circuit Court, with instructions to sustain the demurrer to the complaint, and with leave to the parties to amend their pleadings.

*Ristine* and *Nichol*, for appellants.

*W. H. Mallory*, for appellee.