JONES v. HOPKINS.

SCHOOL FUND SALES.—The law in force at the time of the execution of a mortgage to the school fund required sixty days notice of sales for the non-payment of the principal or interest of the loans. The law in force when the forfeiture occurred and the sale was made required only twenty-one days notice.

*Held*, that a sale made under the law in force at the time of the forfeiture and sale was valid.

APPEAL from the *Madison* Circuit Court.

RAY, J.—In the years 1848 and 1849, *Samuel Kingon* and wife mortgaged two tracts of land in *Madison* county to secure the payment of two loans from the school fund. In 1859 the auditor of said county, after giving notice as then required, sold and conveyed the lands to *Jones* for the payment of the loans. In 1849 the law required sixty days notice of such sales. In 1859 it required only twenty-one days notice. *Hopkins*, who claims title to the lands by deed from *The Cleveland and St. Louis Railroad Company*, which claimed title by deed from *Kingon*, brought this action to set aside the above sale to *Jones* as void, on the sole ground that sixty days notice of the sale should have been given, instead of twenty-one days. A demurrer to the complaint was overruled and judgment rendered on the demurrer, from which *Jones* appeals.

In the opinion given in this case upon a former appeal, 22 Ind., 310, the sale of the land was regarded as having occurred under the act of 1852, and it was held that section two of the general repealing act of 1852, 1 G. & H., p. 535, saving vested rights, required the sale in this case to be conducted under the law in force when the mortgage was given. The facts averred in the complaint show that the law of *March* 5, 1855, must control, as the sale occurred under that statute. In our opinion the section of the repealing act referred to cannot be regarded as in any way controlling this decision. It could not limit the effect of an act passed

three years later. It has already been held by this court that expediting the remedy does not impair the obligation of the contract, nor affect any vested right. It would follow that the section alluded to could have no application to the case under consideration. *Webb* v. *Moore*, 25 Ind. 4. The demurrer should have been sustained to the complaint.

The judgment is reversed, with costs, and the cause remanded for further proceedings, in accordance with this opinion.

*W. March*, for appellant.

*J. Davis*, *J. E. McDonald* and *A. L. Roache*, for appellee.