Holland v. Dickerson.

HOLLAND ET AL. V. DICKERSON ET AL.

41 367
115 666

1. **Constitutional Law:** CONTRACT: REMEDY. The remedy provided for
the enforcement of a contract may be changed at the will of the legis-
lature, the only constitutional limitation upon this power being that the
obligation of the contract shall not thereby be weakened, lessened or
impaired.

2. **Judicial Sale:** CHANGE OF STATUTE. A sale of real estate, after the
Code of 1873 took effect, under a judgment rendered before that time,

should conform to the law in force at the time the judgment was rendered, and the judgment debtor had the right to elect whether the property should be appraised or sold subject to redemption within one year.

*Appeal from Polk District Court.*

THURSDAY, OCTOBER 21.

BY decree of the Polk District Court, a foreclosure was ordered of a mortgage made by defendant to plaintiff, in October, 1864, and special execution was awarded. The defendants appealed to the Supreme Court, and on the 11th of December, 1869, the judgment was affirmed and a new decree of foreclosure was rendered in this court, awarding special execution. This judgment was, on the 18th of January, 1870, stayed for one year from its date by defendants, with F. R. Laird and William Dickerson securities. A special execution issued on this decree, on which the sheriff returned not sold for want of bidders, and, on the 15th of February, 1875, *a venditioni exponas* issued, on which the sheriff returns that he notified the parties to choose appraisers to appraise the property under the execution law in force in June, 1864. The plaintiff's counsel protested to the sheriff in writing against an appraisement, and claimed that the property should be sold according to the provisions of the Code of 1873, regulating sales under executions, and named an appraiser under protest. The defendants claimed that the property should be appraised, and not sold for less than two-thirds the appraisement. The property was appraised at $5150, and offered for sale. Plaintiff's attorney bid for plaintiff $600, and, no one offering to give more, the sheriff declined to sell unless two-thirds the appraisement was bid.

The execution having issued from this court, and the sheriff not being fully advised as to his duty in the matter, this cause is submitted upon an agreement of facts, to the end that the sheriff may be advised in what manner he shall proceed with the sale.

*Brown & Dudley,* for defendants.

The appraisement and redemption law in force at the time

a contract is made constitute a part of the contract; and a change or repeal of that law is a substantial change in the contract and impairment thereof, prohibited by the constitution. (*Walker v. Whitehead*, 16 Wall., 314–7; *Gunn v. Barry*, 15 Wall., 622–3; *McCracken v. Hayward*, 2 How., 612; Pomeroy's Introduction to Const. Law, §§ 592–4; *Rosier v. Hale*, 10 Iowa, 485.) If the remedial law is such that it secures to one of the parties a *substantial* right, it cannot be taken away by repeal. (*White v. Hart*, 13 Wall, 653; *Van Hoffman v. City of Quincy*, 4 Wall., 550; *Cargill v. Power*, 1 Mich., 372; *Johnson v. Winslow*, 64 N. C., 27.) The tendency of later cases is to maintain the strict integrity of the contract, and repudiate all legislation which in effect impairs its force and value. (*Lasley v. Phipps*, 13 Am. Law Reg., 259.)

*M. D. McHenry*, for plaintiffs.

A law made after the date of a contract, which gives a more speedy and efficacious remedy to the creditor, is not unconstitutional. It is only where, by a change of the remedy, the obligation of the contract is impaired that the constitution is violated. (*Blair v. Williams*, 4 Littell, 34; *Lapsley v. Brashear*, Ib., 47; *Sturges v. Crowninshield*, 4 Wheaton, 122.) The collection laws existing when a contract is made are no part of the contract, and give the debtor no vested right. (*Grubbs v. Harris*, 1 Bibb., 567; *Reardon v. Searcy's Heirs*, 2 Bibb., 202.)

DAY, J.—The law in force at the time the mortgage in question was executed, and when the decree of foreclosure was rendered in the court below and in this court, provides that no goods, chattels, lands or tenements shall be sold on execution for less than two-thirds the fair value thereof, to be fixed by appraisers, unless the property has been conveyed by the debtor to defraud creditors, or he elects, before levy, to have his property sold subject to redemption, and without appraisement, in which case he may redeem within one year from the

time of sale. Revision of 1860, Sections 3332, 3360, 3362, 3370 and 3371.

The law in force at the time the property was offered for sale requires and authorizes the appraisement of personal property only, and it provides that the defendant shall be entitled to redeem in no action in which he has taken an appeal or stayed execution on the judgment. Code of 1873, Sections 3100 and 3102. From the agreed statement of facts it appears that defendants have both appealed and stayed execution.

The question is whether the sale shall be made under the law in force in 1864, when the mortgage was made, which

1. CONSTITU-
TIONAL law:
contract:
remedy.

allows to the defendant the election to have his property appraised or sold subject to redemption, or under the law now, and at the time the property was offered for sale, in force, denying the defendant the right either to redemption or appraisement. It is claimed by the defendant that the provisions of the Code of 1873 cannot be applied to the sale without impairing the obligation of the contract. The constitution of the United States provides that no state shall pass any law impairing the obligation of contracts. See Art. 1, Sec. 10. The constitution of this state contains a similar limitation upon the legislative power. Art. 1, Sec. 27.

Obligation is correlative with right. Obligation rests upon one party, right belongs to the other.

Perhaps as good a definition of obligation as can be given is that contained in the recent case of *Lasley v. Phipps*, in the Supreme Court of Mississippi, reported in 13 American Law Register, 236, as follows: "The obligation of a contract is the duty of performance according to its terms, the means of enforcement being a part of the obligation, which the states cannot by legislation impair."

It has also been said that the obligation of a contract is its binding power, that which compels its performance, or, as defined by the Supreme Court of the United States, 2 Wheaton, 197, the law of the contract. See *Blair v. Williams* and *Lapsley v. Brashear*, 4 Littell, 66.

This obligation, this duty of performance, this binding

power which compels performance, this law of the contract, the constitution declares shall not be impaired.

But all change is not impairment.

Impair means to make worse, to diminish in quantity, value, excellence or strength, to lessen in power, to weaken, to enfeeble, to deteriorate. See Webster's Dictionary.

The constitution then simply inhibits the passage of any law which shall weaken the power which compels the performance of a contract. Does the statute in question have this effect? Does it not rather strengthen and accelerate the power which compels the performance of this contract?

In *Webb v. Moore*, 25 Ind., 4(9), it is said; "We think it well settled that the remedy given by law to enforce a contract, upon a breach of its obligation, may be changed, from time to time, at the will of the legislature. The point guarded by the constitution is that, in so changing the remedy, care must be taken that the obligation of the contract be not, thereby, materially lessened, weakened, or impaired. It is equally well settled that the legislature may give a more efficient remedy for the enforcement of the obligation of a contract, after breach, and that such legislation is not repugnant to the Constitution of the United States, prohibiting a state from passing any law impairing the obligation of contracts."

In this case the law in force at the time of the execution of a mortgage to the school fund required the county auditor to give sixty days' notice of sales for the non-payment of the principal or interest of the loans. It was held that subsequent legislation, reducing the time of notice to three weeks, did not impair the obligation of the contract.

In *Grubb v. Harris*, 1 Bibb., 567, it was held to be competent for the legislature to provide a more summary remedy for the recovery of debts, than existed at the time of making the contract.

In *Reardon v. Searcy's heirs*, it was held to be competent for the legislature, after the date of a contract, to subject to its satisfaction land which was not subject at the date of the contract.

Referring to these cases the Supreme Court of Kentucky,

in *Lapsley v. Brashear*, 4 Littell, 60, say: "There is nothing in either of those cases incompatible with the construction which we think ought to be given to the constitution. According to our construction, it is only when by a change in the remedy the obligation of contracts is impaired, that the constitution is violated, and in neither of those cases was the obligation of contracts impaired by the act of the legislature then under discussion. The change produced in the remedy · by each of those acts was neither less tardy, nor less beneficial to the plaintiff than the pre-existing remedy, and it is impossible to perceive how the obligation of contracts can be impaired by either accelerating the remedy, or by making a fund subject to their satisfaction which was not so when the contracts were made."

For a very full discussion of this subject and a presentation of the reasons which gave rise to this provision in the constitution of the United States, see the opinion of MILLS, J., in *Blair v. Williams*, and *Lapsley v. Brashear*, 4 Littell, 65.

The only case which we have seen, which appears to be in conflict with these views, is *Cargill v. Power*, 1 Mich., 370.

Whilst we are of opinion that legislation depriving a judgment debtor of the right to have his property appraised or sold

2. JUDICIAL sale: change of statute.
subject to redemption is not inhibited by any constitutional provision, still we think that a judgment rendered prior to the enactment of the Code of 1873 is not so affected by its provisions. Section 50 of the Code provides: "This repeal of existing statutes shall not affect any act done, any right accruing or which has accrued or been established, nor any suit or proceeding had or commenced in any civil cause before the time when such repeal takes effect; but the proceedings in such cases shall be conformed to the provisions of this Code as far as consistent."

The judgment in question was rendered in 1869. This judgment fixed the relative rights and duties of the parties thereto. It conferred upon the judgment creditor the right to subject, in a particular manner, real estate to the satisfaction of his judgment. It was competent for the judgment debtor to have his property sold under appraisement, at two-thirds the

appraised value, or without appraisement, subject to redemption within one year. The judgment creditor could not insist upon a sale without appraisement and without redemption.

The right which the judgment confers, the statute says shall not be affected through the repeal of existing statutes by the enactment of the Code. To affect does not mean to impair, but to work a change upon. A right is affected, if it is either enlarged or abridged. It follows that the rights acquired under the judgment are not to be changed by the Code of 1873, and that property must be subjected to the satisfaction of the judgment in the manner required when the judgment was rendered.

The sheriff is directed to re-advertise the property and again offer it for sale, under appraisement.

It is further directed that the appraisers estimate the amount of the incumbrances existing upon the property.