### BABCOCK v. GURNEY.

1. **Judicial Sale:** CHANGE OF STATUTE: APPRAISEMENT. Judicial sales made to satisfy judgments rendered since the Code came into operation must, in accordance with the provisions of the Code, be made without appraisement.

2. ———: NOTICE. A notice of the levy is not required to be served upon the judgment defendant when the property levied upon is occupied by his tenants.

*Appeal from Chickasaw Circuit Court.*

THURSDAY, DECEMBER 16.

THIS is an agreed case, submitted to the Circuit Court upon the following facts:

On the 9th day of May, 1874, Wenrott, Howard & Company recovered judgment against one Langdon, before a justice of the peace, and a transcript thereof was filed in the office of the clerk of the District Court, on the 20th of the same month. At this time Langdon owned certain real estate in New Hampton. There were prior judgment and mortgage liens on the property to the amount of more than $1,200.

An execution was issued upon the judgment first named, which was levied upon the real estate aforesaid. The property was appraised under the law of the Revision, probably for the reason that the debt upon which the judgment was rendered was contracted before the taking effect of the statute at present in force upon the subject of execution sales. The

value fixed by the appraisement was $1,200. It was sold on the execution to defendant for $15, who is now in possession thereof.

Prior to the issuing of the execution, Langdon sold and conveyed, by quit claim, his interest in the property to plaintiff. The deed was not recorded, and neither the sheriff nor defendant knew of her interest in or claim to the property. At the time of the issuing of the execution, the property was occupied by tenants of plaintiff, neither she nor the defendant being in the occupancy thereof.

The questions submitted to the court below for decision upon the foregoing agreed statement of facts are as follows:

1. Has the sheriff a right to issue the deed to defendant?

2. Is defendant entitled to possession of the premises?

Each of these interrogatories were answered by the court below negatively, and judgment entered accordingly. Defendant appeals.

*H. H. Potter* and *J. H. Gurney*, for appellant.

An execution law in force at the time of making a contract enters into and becomes a part of the contract. (*Corriell v. Ham*, 4 G. Greene, 458; Sedg. on Stat. and Const. Law, 2d ed., note, p. 603–4.) The possession and occupation of the tenant is the possession, but not the possession and occupation, of the landlord. (*Fleming v. Maddox*, 30 Iowa, 243.) If the words of the law are doubtful, the execution sale should be upheld and the benefit of the obscurity in the statute should be given to the purchaser. (*Gantlees v. Ewing*, 3 Howard, 714.)

*Powers & Kenyon*, for appellee.

BECK, J.—I. The sale of the land should have been made under the law in force at the time of the rendition of the judgment. This was after the Code took effect; its rules, therefore, prevail in this case. The legislature has the power to change the remedy and remedial proceedings upon contracts, and, as to them, the

1. JUDICIAL sale: change of statute: appraisement.

law in force when the remedy is pursued prevails, unless there be statutory provisions preserving the old remedy. There is no such provision applicable to the case before us. Code, § 50, we have held, applies to preserve appraisement in the case where property is levied upon under judgments rendered while the law of the Revision was in force. See *Holland v. Dickerson*, 41 Iowa, 367. But that judgment does not apply to the case of judgments rendered since the Code upon claims accruing before. Defendant, then, had no right to take a deed to the property and enter into the possession thereof on the ground that the land was sold upon an appraisement, under the law of the Revision. Redemption exists under the Code for the term prescribed therein.

II. A question is made as to the sufficiency of the sale in view of the fact that no notice of the levy was served upon the
2. ———: defendant, or judgment debtor, under Code, §
notice.       3087; Rev., § 3318. The notice was not required in this case, as the property was actually occupied by tenants of plaintiff.

III. Whether, at the time prescribed by the Code, if the property be not redeemed from the sale, defendant may take a sheriff's deed thereon, is a question that is not before us, and need not be decided.

In our opinion the judgment of the Circuit Court to the effect that defendant is not entitled to a deed for and possession of the property, under the sale, is correct. It is, therefore,

AFFIRMED.