## FONDA v. CLARK.

1. **Judicial Sale:** CHANGE OF STATUTE: APPRAISEMENT. A sale of realty under a judgment rendered after the Code took effect, upon a debt contracted before that time, should follow the requirements of the Code, and no appraisement need be made.

*Appeal from Buchanan District Court.*

WEDNESDAY, JUNE 7.

ON the 13th day of April, 1867, plaintiff executed to one S. S. Clark his promissory note, and a mortgage on certain real estate to secure the same. In June, 1874, said mortgage was foreclosed, and no appeal taken. On the 1st day of August, 1874, the real estate was sold on execution, on said foreclosure. The sheriff made sale in accordance with the law in force prior to the Code, which was by appraisement, the defendant herein being the purchaser. A sheriff's deed was made to defendant at the time of the sale, and he took immediate possession of the premises. This suit is brought to set aside the deed, and order a certificate of sale to issue, and to declare the plaintiff entitled to the possession from August

1st, 1874. There was a decree for plaintiff in accordance with the prayer of the petition, and defendant appeals.

*Jamison & Begun*, for appellant.

*D. W. Bruckart*, for appellee.

ROTHROCK, J.—The only question to be determined in this case is, whether the sale should have been made under the provisions of the Code, or under the laws in force before the Code took effect. In *Holland v. Dickerson et al.*, 41 Iowa, 367, this court decided that a sale of real estate, under a judgment rendered prior to the taking effect of the Code, must be conducted under the law in force at the time of the rendition of the judgment.

In *Babcock v. Gurney*, 42 Iowa, 154, it was held that where judgment was rendered after the Code took effect, upon a debt contracted before that time, the sale should have been conducted under the provisions of the Code, and no appraisement should have been made. Following the case last above cited, the judgment of the court below is

AFFIRMED.