BRODT v. ROHKAR ET AL. AND WILSON ET AL.

1. **Mechanic's Lien: PRIORITY OF MORTGAGE.** In an action to foreclose a mortgage, executed while the Revision was in force, it was *held* not to be competent for the decree to provide that the realty should be sold and the proceeds distributed, in a certain proportion, between the mortgagee and the holder of a mechanic's lien upon a structure erected on the land covered by the mortgage.

*Appeal from Lee Circuit Court.*

TUESDAY, APRIL 2.

IN August, 1871, the defendants, Louisa Rohkar and Edward Rohkar, executed to the plaintiff a mortgage on certain real estate described in the petition, and which, on the same day, was duly filed for record in the recorder's office. This action is brought to foreclose the same. Certain persons were made defendants, who, it is alleged, were junior lien holders, or claimed some interest in the premises; but that whatever that interest was it is junior to that of plaintiff.

The decree of the Circuit Court settled and adjusted the liens and claims of said parties, and no question is made as to the correctness thereof on this appeal.

At the time the mortgage was executed, there were on said premises certain buildings, which were afterward destroyed by fire, and in 1875 and 1876 the intervenors, John Wilson and others, as mechanics and material men, under a contract with Louisa and Edward Rohkar, erected other buildings in the place of those destroyed, and they, by proper pleadings, seek to have their lien, as such, established and enforced.

The court found the real estate, without the buildings, was of the value of $1,200, and with the buildings, it was of the value of $2,000.

It was further found and decreed that plaintiff's mortgage was a prior lien on the real estate, as it existed before the buildings were erected, and that the intervenors had the prior lien on the buildings. The premises were ordered to be sold together—that is, the land and buildings. The costs were decreed to be first paid, and if the remaining proceeds were insufficient to pay the plaintiff and intervenors, the plaintiff was to receive 12-20 and the intervenors 8-20 of such proceeds. The plaintiff appeals.

*H. C. Stempell* and *Van Valkenburg & Hamilton*, for appellants.

*Miller & Alley*, for defendants.

*Casey & Hobbs*, for intervenors.

SEEVERS, J.—I. The mortgage having been executed in 1871, the lien thereof became, from that time, a fixed and vested right, and must be governed and controlled by the laws then in force, unless the same have been in some valid manner changed or abrogated, so as to legally change the status or lien of the mortgage. At the time the intervenors furnished the materials for, and performed the work and labor on, the buildings, they had notice of the mortgage, and their rights are subject thereto. The plaintiff did nothing to displace his lien, nor did he in any manner waive his full and complete rights under the mortgage.

1. MECHANIC'S LIEN: priority of mortgage.

We understand the plaintiff concedes, as the buildings erected by the intervenors are independent structures, and not mere additions to buildings on the premises at the time the mortgage was executed, that the intervenors have the prior lien thereon and may sell the same under execution, and that the purchaser may have a reasonable time to remove such

buildings. Rev., § 1855. Such is the ruling in *Getchell et al.* v. *Allen*, 34 Iowa, 559. But he insists that defendants have no lien on the land, and that, therefore, as against him, and without he consents thereto, the court had no power to order a sale of the land and buildings together, and then distribute the proceeds on what was believed to be an equitable basis. In other words, the plaintiff insists that he is entitled to have the land sold by itself, and is entitled to the whole of the proceeds, and that the buildings may be sold separate and apart from the realty and removed therefrom, and that the intervenors are entitled to the proceeds of such sale.

The lien of the intervenors is statutory, and the rights of these parties must be governed and determined by Rev., § 1855, which provides: "The lien for the things aforesaid, or work, shall attach to the buildings, erections, or improvements, for which they were furnished or the work was done, in preference to any prior lien or incumbrance, or mortgage upon the land upon which said buildings, erections, or improvements have been erected or put, and any person enforcing such lien may have such building, erections, or improvements sold under execution, and the purchaser may remove the same within a reasonable time thereafter."

It is quite clear, we think, as between the plaintiff as prior mortgagee and the intervenors, that this statute does not give the latter any lien on the land, and it is equally clear they have such lien on the buildings, but that the mode, manner, and extent to which it can be enforced is fixed and declared by statute.

The manner of enforcing the lien of a mechanic was, under the Revision, by an ordinary proceeding or action at law. Rev., § 4183.

It is not claimed, and we do not think it could be successfully maintained, that a court of law, under these statutes, could enlarge the rights of a mechanic, or give him a lien on something more than the statute did.

When this action was commenced, the Revision had been

Brodt v. Rohkar.

repealed by the Code, and sec. 2510 provides that the action to enforce the lien of a mechanic shall be by equitable proceedings, and it is insisted that, as this latter statute applies solely to the remedy, it is now competent for the court, by virtue of its general equity powers, to do what the court below did. The argument is that the statute uses the word "may" instead of "must," and that, therefore, it does not prohibit the court from exercising other modes than the statutory one, if thereby equity and justice will be more nearly obtained. But the difficulty in this line of thought is that thereby the mechanic, against the consent of the prior mortgagee, participates in whatever advantage there may be arising from a sale of the land and buildings together; whereby, in substance, as against the prior incumbrancer, he obtains all the benefits that could possibly result from a lien on the land, just what the statute declares he does not have. It is doubtful, to say the least, whether any court is vested with such power. The necessity of determining this question, however, does not exist.

It is conceded, on all hands, that the General Assembly may, at its will and pleasure, alter, change and repeal statutes relating to the remedy. But this, we apprehend, cannot be done, if thereby any vested right is substantially impaired. But be this as it may, sec. 50 of the Code provides that the repeal of existing statutes shall not affect "any act done, any right accruing, or which has accrued." At the time of this repeal, and the taking effect of the Code, the debt secured by the mortgage was not due; but it soon thereafter became due and payable. The right of the plaintiff, therefore, at the time the Code took effect, was "accruing," and it was "accruing right" to have his lien enforced and determined in accord with the law in force at the time the mortgage was executed. *Holland* v. *Dickerson*, 41 Iowa, 367.

II. The decree of the court below is in accord with, and no doubt was based on, chapter 100 of the laws of 1876. This statute repeals all previous statutes relating to mechanics' liens. The first section provides, * * * * "that

this repeal shall not affect any contract already made, exe-cuted or executory, or impair any right whatever arising under the law repealed." Under this, the plaintiffs' rights, as provided in the then existing statutes, are fully preserved. What has been heretofore said in relation to sec. 50 of the Code is fully applicable here.

REVERSED.