No. 16,770.

## DOWELL v. THE TALBOT PAVING COMPANY.

| | |
|---|---|
| 138 | 675 |
| 138 | 699 |
| 138 | 675 |
| 140 | 156 |
| 140 | 482 |
| 143 | 403 |
| 138 | 675 |
| 147 | 699 |
| 138 | 675 |
| 149 | 192 |
| 152 | 370 |
| 152 | 695 |
| 138 | 675 |
| 155 | 149 |
| 156 | 535 |
| 138 | 675 |
| 157 | 154 |
| 138 | 675 |
| 158 | 529 |
| 138 | 675 |
| f166 | 570 |
| f167 | 514 |

CONSTITUTIONAL LAW.—*When Question duly Presented.—Appellate Court Jurisdiction.*—Where a constitutional question is so pertinent to the record and presented by counsel in such apparent good faith supported by argument, that the court naturally feels it to be a duty to pass upon and decide the question one way or the other, the constitutionality of the statute is in question, and duly presented within the meaning of the statute, Acts 1893, p. 30, exception 1.

SAME.— *When Question not duly Presented.—Appellate Court Jurisdiction.*—But if the statute, the constitutionality of which is thus assailed, is not material to the determination of the appeal, and the case may be decided and finally determined without deciding such constitutional question, then the constitutional question is not presented within the meaning of such statute.

STATUTE CONSTRUED.—*Street Improvements.—Contractor.—Lien.—Foreclosure.*—The amended seventh section of the act of 1889, as amended by the act of 1891, conferring the rights on the contractor for street improvements to foreclose his lien, and to recover a reasonable attorney's fee, did not impair any vested right or constitutional guaranty. It simply provided a remedy for the enforcement of a right which had already been created by the act of 1889, in conferring a lien on the contractor.

SAME.—*When Statute Retrospective.—Remedial Statute.—Street Improvements.—Act of 1891.*—The statute conferring such rights on the contractor being a remedial statute relating to the mode of procedure in the enforcement of a right, is retrospective, and applies to causes of action subsisting at the date of its passage.

SPECIAL FINDINGS.—*Amendments, When May be Made.*—Amendments to special findings by the court may be made by the trial court during the term and before the rendition of the judgment.

From the Wells Circuit Court.

*L. Mock, L. B. Simmons, H. Brownlee, H. J. Paulus, D. H. Fouts* and *A. M. Waltz*, for appellant.

*J. Morris, R. C. Bell, J. M. Barrett* and *S. L. Morris*, for appellee.

McCABE, J.—Appellee sued appellant, in the Blackford Circuit Court, to foreclose a lien on certain lots owned

by appellant in the town of Hartford City, in the county of Blackford, for street improvements on Washington street, on which appellant's lots bordered and abutted.

A trial by the court resulted in a special finding of the facts, on which conclusions of law were stated by the court. Pursuant to the conclusions of law, the court, over a motion for a new trial, rendered a judgment and decree in favor of appellee for the total amount of the cost of such improvement, $741.11, and $100.00 attorney's fee, which was distributed proportionately on each of the three lots against which the cost of the improvement had been assessed, according to the amount on each.

The errors assigned call in question the sufficiency of the facts stated in the complaint, the conclusions of law, the action of the court in overruling the appellant's motions for a new trial and in arrest of judgment, overruling appellant's motion for judgment in his favor on the facts found, in making new findings of facts and adding the same to the original facts found by the court, in striking out the original conclusions of law and rendering new ones, in refusing to modify the decree, in refusing a jury trial, and in refusing to add to the special finding of facts the facts requested by the appellant.

It is expressly conceded by the appellant's learned counsel that the same question is presented on the special finding and conclusions of law that is presented on the assignment that the complaint does not state facts sufficient to constitute a cause of action, and we may add that of the motion in arrest of judgment. Under such circumstances, it is not material to examine into the sufficiency of the complaint. *Haskett* v. *Maxey*, 134 Ind. 182.

The facts essential to a determination of the questions involved in the conclusions of law, as shown by the special finding, are that on and prior to June 4, 1890, Hart-

ford City was, and still is, an incorporated town; that on that day the board of trustees of said town, in regular session, deeming it necessary to improve Washington street, in said town, from the east line of Gadbury's addition to the tracks of the Pittsburgh and Chicago Railway, therein declared, by resolution, the necessity therefor, providing therein the kind, size, location and terminal points of such improvement; that due notice was given to the property-owners, and after a hearing given to such owners, said board, on July 2, 1890, at a regular session, by a vote of more than two-thirds, duly ordered said street to be graded and paved with cedar blocks, and to be curbed with stone curbing, according to the plans and specifications then and there adopted and filed with the clerk of said town; that said work was to be done by contract; that due and proper notice was given by publication for three weeks in a newspaper published within said town for sealed proposals for doing said work; that plaintiff filed its bid in accordance with said notice, it being the lowest and best bid for said work; that said board, at a regular meeting, on August 2d, 1890, let said work to plaintiff; that the resolution ordering the work to be done provided that the costs should be collected from the real estate adjoining and bordering on said improvement, and thereupon plaintiff and said town entered into a written contract for the making of said improvement pursuant to said bid; that plaintiff completed said work, and at a regular meeting of said board it found and determined that said work had been done and completed according to the terms of said contract, and thereupon caused a final estimate of the total cost thereof under said contract to be made by the town engineer in accordance with section 6 of chapter 118 of the Acts of 1889, p. 242; that after the filing of the report of the town engineer as to the cost of said improvement, said board caused two weeks' notice to the

property-owners affected to be given by publication in two newspapers representing the two political parties casting the largest number of votes at the last general election, printed and published in said town of the time and place when and where a hearing would be had upon such report before a committee appointed by such board to consider such report; that at the time and place mentioned in such notice the committee met and heard all objections by property-owners desiring to offer objections, and all persons aggrieved; that said committee reported back to said board that said report of the town engineer be amended in some slight particulars; that certain pieces of real estate bordering on said improvement had been accidentally omitted from said report that should be placed in said estimate, and that the total cost of said improvement was $29,877.51; that the average cost per running foot of the whole length of that part of said street so improved was $3.237, and stating in said report the name of each property-owner on that part of the street so improved, and also that the number of front feet owned by the respective property-owners on said part of said street was 8,103.

Also setting out in said report the amount of the cost for said improvement due upon each lot or parcel of ground respectively, giving the full description, together with the owner's name of each lot or parcel of ground bordering on said street so improved. The defendant was assessed therein the amount hereinafter stated against the property hereinafter mentioned; that said report was true in every particular; that said board, at a regular meeting thereof, held on January 7th, 1891, having found said committee's report, and the proposed estimate reported by them, to be just, true, and legal, confirmed, approved, and adopted said report, and then and there assessed against the various lots and parcels of

ground therein set forth the amounts which should be assessed against the same on account of said improvement, and caused said assessments to be placed upon the town tax duplicate and charged against said lots and parcels of ground therein described; that the defendant was on June 4th, 1890, up to and including the time of making the assessment, and still is, the owner of the lots which are described as lot 1 in block 23 in the original plat of said town, lot 2, in block 25 in said original plat of said town, and a strip of ground 34 feet off the west side of lot 4, block 24, in said original plat of said town, and that all of said real estate adjoins, borders and fronts on said improvement; that lots 1 and 2 each adjoin and front on said improvement to the width of 60 feet; that said strip fronts, borders and joins said improvement to the width of 34 feet; that said board, at said last mentioned meeting, assessed against said lot 1, for and on account of said improvement, $194.22, and against lot 2, for the same purpose, assessed $194.22, and on the strip on said lot 4 aforesaid, for the same purpose, assessed $110.06, all of said assessments being in accordance with said estimate and report; that said amounts so assessed against said real estate were obtained by multiplying the number of front feet on said improvement of each lot by the average cost price per running front foot; that said assessments are past due and wholly unpaid, and defendant had refused and still refuses to pay the same; that said defendant has failed and refused to request the issuance of bonds therefor as provided in said chapter 118; that the plaintiff, the Talbot Paving Company, is a corporation; that said town of Hartford City never at any time issued any certificates or bonds to the plaintiff in this cause as provided for in section 9 of said chapter 118, and no part of said defendant's real estate is unplatted lands; that the defendant failed, neglected,

and refused to pay said assessment, and failed, neglected and refused to file any waiver for the purpose of obtaining the right of paying said assessments in installments; that a reasonable attorney's fee for the collection of all of said assessments is $100, and that the same should be apportioned and assessed against said several tracts or parcels of ground in proportion to the number of front feet of each abutting on said improvement.

The conclusions of law stated are: 1. That the plaintiff is entitled to recover in this action a reasonable attorney's fee, amounting to the sum of $100, which should be apportioned and assessed against said several lots or parcels of ground in proportion to the number of front feet of each abutting on said improvement. 2. That the plaintiff has and holds a valid lien upon each of said lots 1 and 2, in blocks 23 and 25, respectively, in the original plat of said town, for the sum of $249.77, and holds a lien upon said strip of lot 4, for the sum of $141.57, and is entitled to have said lien foreclosed.

The objection to the complaint and to the second conclusion of law is that the act approved March 8, 1889, did not authorize the contractor to foreclose the lien or maintain a suit to enforce payment of the cost of the improvement and for an attorney's fee.

The third section of the act provides that the city or incorporated town shall be liable to the contractor for the contract price for said improvement, and the owners of the property bordering on the improvement shall be liable to the city or town for their proportion of the costs thereof, and such city or town and contractor shall have a lien on such property for its proportion of the costs of such improvement, and in case such city or town shall neglect to promptly enforce and collect such assessment when due, the owner or holder of any of the bonds or certificates mentioned may foreclose such lien or liens

Dowell *v.* The Talbot Paving Company.

and recover, in addition to the principal, interest, and costs, a reasonable attorney's fee.

Section 8 provides for the issue of street or sewer improvement bonds to raise money to pay for such improvements, and when issued shall transfer to the owner thereof all the right and interest of such city or incorporated town in and to such assessments and the liens thereby created, with full power to enforce the collection thereof by foreclosure or otherwise under the provisions of this act.

Section 9 provides for the issuance of certificates or bonds to contractors in payment for their work on such improvements under their contracts, and that such certificates and bonds shall transfer to the contractor and his assigns all the right and interest of said city or town in such assessment and lien against the property of such owners assessed as shall avail themselves of the provisions of the act to pay their assessments in installments, and shall authorize such contractor and his assigns to sue for and collect every such assessment embraced in any such certificate or bond by any of the methods provided by law, including the provisions of the act; and in case such city or town shall neglect to pay or promptly collect any such assessments when due, the owner of any such certificate or bond may foreclose the lien thereof, and, in addition to the principal and interest of such bonds or certificates, shall recover a reasonable attorney's fee, with costs.

The first section provides that such city or town may bring an action to foreclose such lien as a mortgage, and shall recover, in addition to the amount thereof and costs, a reasonable attorney's fee.

The appellant contends that as there is no finding that any certificates or bonds were issued under the provisions of the act, either to appellant as contractor or to others,

and assigned to him, the finding is insufficient to support the conclusions of law that appellee is entitled to recover. It is conceded that the incorporated town would have been entitled to foreclose the lien for the amount of appellant's proportion of the cost of the improvement of Washington street therein and costs of suit, and, in addition thereto, an attorney's fee. But it is contended that there is no authority in the act for the appellee to maintain the suit for any purpose whatever.

It must be admitted that there is no such express provision in the act itself. But the third section, as we have seen, expressly provides that the contractor shall have a lien upon the abutting property, for the value of such improvement. This manifestly means the amount of the contract price. To give the contractor a lien on the abutting property, without any power or authority, either express or implied, to make it available, or enforce it, would, to say the least of it, be a great oversight on the part of the Legislature. That the manifest intent was to confer the lien on the contractor, no one for a moment can doubt; but that they intended to so confer it, and, at the same time, withhold all remedy to the contractor to enforce and make it available, may admit of very serious doubt. The lien given to the city or town is only for its benefit in case it advances the money to pay for the improvement. When it collects the money before such advancement, it does so, not for itself, but as agent of the interested parties. *Quill* v. *City of Indianapolis*, 124 Ind. 292.

But section 10, prior to the amendatory act hereinafter to be noticed, provides, among other things, that whenever the owner or owners of any lot or lots, the assessments against which is or are embraced in any certificates or bonds in the act mentioned, shall severally

Dowell *v.* The Talbot Paving Company.

promise or agree in writing in consideration of having the right to pay his or their assessments in installments, that they will not make any objection to illegality or irregularity as to their respective assessments, and will pay the same with interest, he or they shall have the benefit of the provisions of the act authorizing the payment of assessments in annual installments. It then provides that: ''Any owner of any lot or lots assessed for payment of the cost of any such improvement, who will not promise and agree in writing as herein provided, shall be required to pay his assessment in full when made, and the same shall be collectible by or through any of the methods provided by law for the collection of assessments for local improvements, including the provisions of this act.'''

The amendatory act of March 6, 1891, amended sections 4, 7 and 10 of the act of 1889, in important respects, and though it went into effect on the day of its passage, it was not passed until after the work was done, and the final estimate and assessment against the lots in question were made, and the lien had attached. Acts of 1891, p. 323 (2 R. S. 1894, section 4288). Section 10 is so changed by the amendatory act as that it now only applies to cities.

But amended section 7, Acts 1891, p. 324, provides that, ''the contractor or his assigns may foreclose such assessment as a mortgage is foreclosed in any court of competent jurisdiction, and shall recover in addition to the amount of such assessment, with interest, all costs, and a reasonable attorney's fee.'' We are met with the objection from the appellant, that the amended section 7 can not apply to this case, though it was passed before the suit was begun, because to so apply it would be to give it a retrospective effect; and it is contended that all statutes must be given a prospective, and not a retroactive effect,

unless their provisions point clearly and strongly to a contrary intention. It was held by this court, and we think correctly, in *Nicklaus* v. *Conkling*, 118 Ind. 289, that statutes will not be given a retrospective operation unless the language employed imperatively requires it. And that statutes will not be given a retroactive effect so as to change existing rights, unless the language employed is such as to compel courts to that course.

But this court held in the *Connecticut Mut. Life Ins. Co.* v. *Talbot*, 113 Ind. 378, that "The better rule of construction, and the rule precisely applicable to remedial statutes, however, is, that a statute must be so construed as to make it effect the evident purpose for which it was enacted, and if the reason of the statute extends to past transactions, as well as to those in the future, then it will be so applied, although the statute does not in terms so direct, unless to do so would impair some vested right or violate some constitutional guaranty."

Appellant also contends that the amendatory act violates the constitution of the United States. His learned counsel on that subject say in their brief, that "The contract between the appellee and the town of Hartford City * * under the law then in force, and under which the improvement was begun and carried to completion (Acts of 1889), fixed the amount the appellant was to pay for the construction of said work, and said contract further provided how and by whom said assessment should be collected. The language of the contract is this: 'That upon the completion of said work, said town shall cause to be issued due and legal estimates against the lots and parcels of ground bordering upon the line of said work, and the certificates and bonds provided for in said law, and do such other things as may be necessary for the collection of said assessments.' So it will be seen that the contract between the

parties makes it the duty of the town to collect said assessments, as well as to fix the amount the appellant was to pay, and the appellee was to receive for said work; and we submit that it was not within the power of the General Assembly of 1891 to change and modify the contract between the parties and add $100 for the use and benefit of the appellee. * * * And it seems it was the intention to raise the assessment, and make it higher than it was in the first instance, for he states in his conclusions of law that said sum (attorney's fees of $100), should be apportioned to, and assessed against said several lots or parcels of ground in proportion to the number of front feet of each abutting on said improvement. The effect of such legislation would be in violation of the tenth section of the first article of the Constitution of the United States, which declares that no State shall pass any law impairing the obligation of contracts. *Bronson* v. *Kinzie*, 1 How. *311.

"Impairment of the obligation of a contract may be either by discharging one of the parties from the fulfillment of its terms, or it may be by adding to the burdens imposed upon the obligor, and making its conditions more favorable to the obligee." Wade on Retroactive Laws, section 115.

It is this contention, and the contention that the amendatory act, if allowed to operate retroactively, impairs vested rights, that alone, if at all, takes this appeal out of the exclusive jurisdiction of the Appellate Court.

The act approved March 4, 1893, p. 356, provides "That in addition to the jurisdiction which the Appellate Court now possesses, that court shall have jurisdiction in all cases for the foreclosure or enforcement of liens of purely statutory origin where the amount in controversy does not exceed the sum of $3,500."

It was provided in the then existing law, Acts 1893, p.

30, that "the Appellate Court shall not have jurisdiction of any case where the constitutionality of a statute, federal or State, or the validity of an ordinance of a municipal corporation is in question and such question is duly presented."

In *Benson, Admr.*, v. *Christian*, 129 Ind. 535 (537), it was said, by ELLIOTT, J., speaking for the court: "Where there is enough in the argument of counsel to fairly indicate that they sincerely believe that a constitutional question is involved, and also to supply fair reason for that belief, this court must assume jurisdiction, but there must be argument indicating such belief, and stating reasons for it, as bald assertions will go for nothing. Where there are arguments, and not mere assertions, the court must presume that counsel are sincere, and, presuming this, decide the question made by their argument in cases where the record presents it. Courts are bound to assume that counsel will not discredit their profession by insincere arguments. * * Acting upon these presumptions and considerations, we shall decide the questions arising upon the contention that the statute providing for recovering fees illegally exacted is unconstitutional."

And we may add to the foregoing statement of the rule, that when the argument of counsel contending that a statute material to the determination of the case is unconstitutional, is, in addition to the qualities required by the rule just quoted, so pertinent to the record and presented by counsel in such apparent good faith that the court would naturally feel it to be a duty to pass upon and decide the question one way or the other, then the constitutionality of a statute is in question and duly presented within the meaning of the statute just quoted. But if the statute, the constitutionality of which is thus assailed, is not material to the determination of the ap-

peal, and the case may be decided and finally terminated without deciding such constitutional question, then the constitutionality of a statute is not in question within the meaning of the Appellate Court act.

It follows, from what we have said, that the validity and constitutionality of the 7th section of the act of 1889, as amended by the amendatory act of 1891, is material to the determination of this appeal. Because, if it is valid and is to stand, it is the only warrant in law that appellee had to maintain the suit in its own name to foreclose its lien for the contract price of the work it had done. And, on the other hand, if it violates the constitution, for any of the causes or reasons assigned by appellant, it must fall to the ground, and the judgment be reversed.

We are of opinion that the case has been brought within the rule laid down as to the constitutionality of a statute being in question and duly presented. It appears that the question of the validity and constitutionality of said amended section 7 are material to the determination of this appeal; and that appellant's contention and argument that it is unconstitutional, are sufficiently pertinent to the record and plausible, and seem to be made in such entire good faith that we feel it a duty to decide the question.

We therefore hold that the Appellate Court has no jurisdiction, and that the jurisdiction of this appeal is in this court. But we are of opinion that the amended 7th section of the act of 1889, in conferring the right on the contractor to foreclose his lien and to recover a reasonable attorney's fee, did not impair any vested right or constitutional guaranty. It simply provided a remedy for the enforcement of a right which had already been created by the act of 1889 in conferring on the contractor a lien. That act had already made the abutting property liable to a lien in favor of the city, the contractor, and the

holders of certificates or bonds issued under the act on account of street improvements for the contract price of such improvements, and had conferred the right on the city and on the holders of such certificates or bonds to maintain a suit to foreclose the lien as a mortgage and to recover an attorney's fee therein.

As we have already seen, the right given the city and the holders of the bonds or certificates to foreclose and recover attorney's fees was for the benefit of the contractor. The extension of the remedy to the contractor did not create any new right, nor did it impose a new burden on the abutting property. Such property was already subject to that burden, subject to foreclosure and attorney's fees. The Legislature may, without a violation of the constitution, provide for a cumulative and more speedy remedy than the existing one. *Maynes* v. *Moore*, 16 Ind. 116; *Webb* v. *Moore*, 25 Ind. 4; *Jones* v. *Hopkins*, 26 Ind. 450.

And may, likewise, provide a remedy where none existed. *Sparks* v. *Clapper*, 30 Ind. 204.

The contention of appellant is to the effect that this remedy could not be extended by the Legislature so as to affect cases where, as here, the contract for the improvements had been completed, and the lien for the same had attached under the act of 1889 before its amendment. In other words, that both the rights and remedies of the parties must remain unchanged. That the amendment may be valid when applied to future street improvements, but can not be when applied to past ones, because it impairs vested rights. This assumption is based on the idea that the appellant had a vested right that the remedies provided against him should remain unchanged.

It has often been held that there can be no vested right in remedies, provided they are not so changed as

to be rendered **nugatory**, and hence it is that whatever belongs to the remedy merely is within the control of the Legislature, subject only to the limitation that an adequate and reasonable mode of enforcing the right must remain or be provided, which leaves the value of the contract without substantial depreciation or impairment. *Davis* v. *Rupe*, 114 Ind. 588; *Robertson* v. *Vancleave*, 129 Ind. 217; *Tennessee* v. *Sneed*, 96 U. S. 69; *Wolff* v. *New Orleans*, 103 U. S. 358; *Bryson* v. *McCreary*, 102 Ind. 1.

The extension of the remedy to the real party in interest, the contractor, did not take away or impair any right the appellant had, nor did it add any burden to which he was not already subject. He was already subject to the lien against his property and to the right of the city to foreclose the same, with attorney's fees, for the benefit of the contractor. We, therefore, hold that the amendatory act did not impair any vested right or constitutional guaranty.

The question remains whether the amendatory act can be given a retrospective effect so as to enable appellee to maintain the action.

It has been held by this court that retrospective curative statutes may be passed under the constitution when they do not interfere with vested rights. *Johnson* v. *Board, etc.*, 107 Ind. 15.

The amendatory act was curative in its nature, and, as already said, as it did not interfere with vested rights, it may be given a retrospective effect. Moreover, it relates to the procedure, and it is a well recognized rule of construction that statutes relating to the procedure or remedy, such as relate to the course and form of proceedings for the enforcement of a right, and do not affect the substance of the right, and neither directly nor indirectly de-

stroy all remedy for the enforcement of the right, are retrospective, so as to apply to causes of action subsisting at the date of their passage are valid. Sedgwick on Stat. Con., p. 163; Endlich Int. of Stat., sections 287, 288.

But aside from all these considerations, the amended section 7, *supra*, by clear and explicit language, shows that it was intended to and does relate to assessments made before its passage. Its language is: "Any owner of any lot who has been assessed,    *    *    *    who will not promise,    *    *    *    and all other owners of lots or parcels wherein assessments,    *    *    *    have been made, or have heretofore been made against any one lot or parcel,    *    *    *    and the same may be collected according to the provisions of amended section 10 of this act, or the contractor or his assigns may foreclose such assessment as a mortgage is foreclosed,    *    *    *    and shall recover in addition to the amount of such assessment, with interest, all costs, and a reasonable attorney's fee."

When the Legislature employs the language, "assessments which have heretofore been made," it clearly and undoubtedly refers to assessments which had been made before the passage of the amendatory act; and such assessments are authorized by it to be foreclosed by the contractor.

The trial court, therefore, did not err in its conclusion of law that the plaintiff was entitled to have its lien foreclosed. The alleged errors of refusing appellant a jury trial, and overruling his motion for a new trial, are not discussed in appellant's brief, and are, therefore, deemed waived.

It appears from the record, that after the court had announced its special finding and conclusions of law, and the same had been partly entered of record, the clerk was ordered by the court to proceed no further with the entry

Dowell v. The Talbot Paving Company.

thereof on the record until the further order of the court; that thereupon the appellant moved the court to modify and change its special finding by adding thereto a large number of facts in addition to those contained in the special finding as announced. The appellee also filed a motion asking the court to add other and different facts and make certain modifications in the conclusions of law. Appellant's motion was overruled and the appellee's motion was sustained, and certain facts were added to the special finding, the most important and material of which was that relating to the attorney's fee.

All the cases in this court, holding that such amendments can not be made to a special finding after the same has been filed, and during the term, were overruled by this court in *Thompson* v. *Connecticut Mutual Life Ins. Co.*, 38 N. E. Rep. 796. This court held, in the case last cited, that such amendments may be properly made by the trial court during the term and before the rendition of the judgment. There was, therefore, no error in making such amendments.

The motion to modify the judgment asked simply to strike out the allowance for attorney's fees, not that such fees were not amply supported by the evidence and within the issues, but because they could not be recovered by the appellee under the law. What we have already said concerning the validity of the statute providing for such fees on foreclosure of the lien by the contractor disposes of the question against the appellant.

We find no available error in the record, and therefore the judgment is affirmed.

DAILEY, J., did not participate in this decision.

Filed Oct. 12, 1894.