Nov. Term, 1855.

DAVIS
v.
THE STATE
BANK.

*Per Curiam.*—The judgment is affirmed with costs.

*J. Brownlee*, for the appellants.

---

### DAVIS *v.* THE STATE BANK.

It was competent for the legislature, under the constitution of 1816, to legalize, by a retrospective enactment, a sale of an infant's land, made under an order of the Probate Court, without appraisement.

*Wednesday, December* 19.

ERROR to the *Tippecanoe* Probate Court.

*Per Curiam.*—In this case an interest in land of an infant was sold, at private sale, without appraisement. The proceeding was under the code of 1843. It was erroneous; but after it was had, the legislature passed an act legalizing it, and confirming the sale. Local Laws 1846, p. 137.

Under the old constitution, the legislature could pass special acts relative to infant's estates. *Doe* v. *Douglass*, 8 Blackf. 10. And while *Andrews* v. *Russell*, 7 *id.* 474, remains the law of this Court, the statute above cited can not be set aside; and, consequently, the judgment of the Court below in this case, confirming the sale in question, can not be reversed.

The case of *Andrews* v. *Russell, supra*, is fully supported by the decision of the Supreme Court of the *United States*, affirming that of the Supreme Court of *Pennsylvania*, in *Watson et al.* v. *Mercer*, 8 Peters 88, where a statute of *Pennsylvania* rendering valid a void acknowledgment of a deed by a *feme covert*, was held constitutional. See, also, *Carpenter* v. *Pennsylvania*, 17 How. (U. S.) R. 456.

The judgment is affirmed with costs.

*J. Pettit* and *S. A. Huff*, for the appellant.

*R. C. Gregory* and *R. Jones*, for the appellee.