## PIERCE *et al. v.* MILLS *et al.*

CONSTITUTIONAL LAW—OFFICIAL BONDS.—The act of *December 21,* 1858, (Acts Special Session 1858, p. 39,) is applicable as well to official bonds executed before as after its date, and effects only the remedy, and does not impair the obligation of such contracts, and is therefore constitutional.

APPEAL from the *Lake* Circuit Court.

DAVISON, J.—This was an action against *Jesse Pierce*, the sheriff of *Lake* county, and his sureties, on his official bond. The bond is dated *June* 29th, 1857, and is conditioned in the usual form for the faithful discharge of the duties of the sheriff, &c. The breach assigned is that the sheriff had in

Pierce et al. *v.* Mills et al.

his hands an execution in favor of the plaintiffs, had collected money thereon, and had failed to pay over the same according to law. Proper issues having been made, the case was submitted to the Court, who found against the defendants 424 dollars and 50 cents. And, thereupon, the plaintiffs moved for a judgment upon the finding, without relief from the appraisement laws, &c. This motion the Court sustained, and the defendants excepted. Final judgment was accordingly rendered, &c.

Was the ruling upon the plaintiff's motion correct? When the bond sued on was executed there was no law in force within this State authorizing a judgment, without relief, &c., against a sheriff and his sureties. But subsequently, on the 6th of *August*, 1859, an act took effect which provides, "that hereafter all judgments recovered against any sheriff, constable, or other public officer, or the sureties of any or either of them, for money collected, or for a breach of any official duty, shall be collectable without stay of execution, or the benefit of the valuation laws of this State." Acts 1858, called session, pp. 39, 40. This act, though it had not taken effect and become a law when the bond was given, was in force when this suit was tried in the lower Court. Hence the inquiry arises, whether it can be so construed as to make it operative upon prior contracts. It must be conceded that the act of 1858, to which we have referred, relates to the remedy which, as has been often decided, "may be altered at the will of the State, provided the alteration does not impair the obligation of the contract." How then stands the act in question? True, it deprives the obligors of the bond of the benefit of a relief law, which existed at the time they contracted; but that result makes it operate on the remedy alone, and the contract, instead of being impaired by its operation, is, it seems to us, rendered more effective. The appellant cites *Bronson* v. *Kenzie*, 1 Howard 319. There it was held that

"a State law passed and in force subsequently to the execution of a mortgage, which prevents any sale unless two-thirds of the amount at which the mortgaged property has been valued at by appraisers had been bid therefor," impaired the obligation of the contract. But it will at once be seen that that case is not applicable to the case at bar, because here the law gives force to the contract by increasing the means to be used by the obligee in enforcing the performance of it. *Andrews* v. *Russell*, 7 Blackf. 474.

*Per Curiam.*—The judgment is affirmed, with 5 per cent. damages and costs.

*A. McDonald*, for the appellant.