NOVEMBER TERM, 1864. 607

Potter and Others *v.* The State on the relation of Thompson.

POTTER and Others *v.* THE STATE on the relation of THOMPSON.

GUARDIAN'S BOND.—On a bond given by a guardian under the statute of 1843, he and his sureties are liable for all the personal estate or moneys of the ward that may have come into the guardians hands, except such as may have been received from the sale of the ward's real estate, made on the application or petition of the guardian. Page 609.

SAME—STATUTE CONSTRUED.—The 13th section of the act touching the relation of guardian and ward, makes sec. 163, 2 G. & H. 531, applicable to suits on bonds of guardians, and under it, in such suits, ten per cent. damages should be added to the amount found to be retained by the guardian. Page 611.

SAME—STATUTE CONSTRUED.—The act of 1853, 2 G. & H. 220, providing that judgments for money collected or held in a fiduciary character shall be collected without benefit of valuation or appraisement laws, is applicable to bonds executed before as well as after its passage. Page 611.

APPEAL from the *Knox* Circuit Court.

ELLIOTT, J.—The state, on the relation of *Thompson,* sued the appellants on a bond executed by *Potter,* as guardian of the relator, and *Foreman* and *Smith,* as his sureties.

Issue and judgment for $500, the amount of the penalty of the bond.

The court, to which the cause was submitted by agreement, found that *Potter,* as guardian, was indebted to the *relator* for money actually received by him as such guardian, and interest thereon, in the sum of $454.55, and in the further sum of $45.45, being ten per cent. in damages, making together the sum of $500; for which amount, over a motion for a new trial, the court rendered judgment, and ordered that it should be collected without relief from appraisement laws. The defendants appeal.

The only questions presented by the appellants are: 1. That the amount found by the court is not sustained by the law and the evidence. 2. The court erred in awarding ten per cent. damages on the amount found against the

guardian. 3. The court erred in adjudging that the judgment should be collected without relief from appraisement laws.

Under the *first* alleged error, it is not contended that the amount found by the court was more than was shown by the evidence to be in the hands of *Potter*, the guardian, and due to the relator, but it is insisted that a part of the amount was secured by another bond, and could not be recovered in this suit. The evidence is made a part of the record, and the only evidence offered by the relator, as to the amount due, was the final account current filed by *Potter*, as guardian in the Common Pleas Court. And the matter complained of is an item in the account, charged against *Potter*, as follows: "Amount received from *James Thorne*, commissioner to sell land, $826.82."

The defendants gave in evidence a bond, signed by *Potter* and *Smith*, dated the 26th of *March*, 1858, in the penalty of $1,600, the condition of which reads thus: "The condition of the above obligation is, that as the above bound *George W. Potter*, guardian of *Hiram Thompson*, minor heir of *Cyrus M. Thompson*, deceased, has been ordered by the Court of Common Pleas of *Knox* county to sell certain real estate of the said minor, or for money from sale of said real estate, as made by *James Thorne*, commissioner: Now, if the said *George W. Potter* will faithfully discharge the duties of his trust, according to law, then the above obligation is to be void, else to remain in full force and virtue."

There was no other or further evidence in reference to that item of the account.

The bond on which this suit is brought, was given under the Revised Statutes of 1843, which required guardians to execute bond in a penalty of double the probable amount of the estate of his ward which might come into his hands, (Rev. Stat. 1843, p. 608, sec. 82;) and by the 92d section of the same act, it was the duty of the guardian to make out a true inventory of the estate, real and per-

sonal, of his ward, and file the same in the office of the clerk of the proper court, etc.. But under that statute, as well as under the revision of 1852, before a sale of the real estate is ordered by the court, the guardian is required to execute bond, with sufficient freehold sureties, payable to the state of *Indiana*, in double the appraised value of such real estate, with condition for the faithful discharge of his duties, and the faithful payment and accounting for all moneys arising from such sale, according to law. It will be conceded, we presume, that the guardian and his sureties are liable, under the bond in suit here, for all the personal estate or moneys that may have come into the guardian's hands belonging to the relator, except only such as may have been received from the sale of the relator's real estate, made under the application or petition of the guardian; while, on the other hand, it must be admitted that, if the guardian petitioned the court for the sale of the ward's real estate under the statute, and executed the bond given in evidence by the defendants for the purpose of procuring such order of sale, and if the item in his account current of $826.82 is for money realized from a sale of the ward's real estate so made, then, whether such sale was made by the guardian, or by a commissioner appointed by the court under the statute, the money received therefrom can not be recovered in a suit on this bond. 5 Ind. 350; and see also *Foster* v. *Birch*, 14 Ind. 445; *The State ex rel., etc.* v. *Steele*, 21 Ind. 207. The question then arises, does the evidence in this case show that the item of the account current for, "amount received from *James Thorne*, commissioner to sell land, $826.82," is for money received from such a sale of his ward's real estate? We think it does not. If the bond given in evidence by the defendants was, in fact, executed upon an application for a sale of the real estate of the ward by the guardian, and the sale was made under such application, the whole proceedings must be a matter of record, and therefore susceptible of ready proof; but no

such evidence was given. It is true that the bond recites that the guardian "has been ordered by the Court of Common Pleas of *Knox* county to sell certain real estate of the said minor;" but, then, that statement, seemingly incomplete, is immediately followed by the addition of, "*or for money from sale of said real estate as made by James Thorne*, commissioner." The two parts of the recitation are incongruous, and the inference from the latter statement seems to be that *Thorne*, a commissioner, had in fact sold the land before the execution of the bond by the guardian. If there were other joint owners of the real estate, and on an application for partition the commissioners appointed to make the partition reported the estate not susceptible of partition, it would have been the duty of the court to have ordered it sold by a commissioner appointed by the court; and the latter part of the recitation in the condition of this bond favors the idea that such was the character of the sale referred to.

The penalty of the bond in suit was only $500, while the amount received from the sale of the real estate was nearly double that sum. Under such circumstances, it would have been the duty of the court to require the guardian to give an additional bond, though the land was sold on proceedings in partition, the giving of which, however, would not prevent a recovery on the former bond for the amount of the penalty thereof. The evidence certainly tended to establish this view of the case; and whether the sale was made under a petition by the guardian or otherwise, was a question of fact for the court that tried the case, and we can not disturb the finding.

The *second* assignment of error involves a question of the construction of a section of the statute. The 13th section of the act, "touching the relation of guardian and ward," 2 G. & H. 568, provides that any bond given by any guardian may be put in suit by any person entitled to the estate; and such suit shall be governed by the law regu-

lating suits on the bonds of executors and administrators."
Turning, then, to the act concerning the settlement of decedent estates, we find that sec. 163, 2 G. & H. 531, provides
for suits on the bonds of executors and administrators, and
further enacts that " the measure of damages in all such suits
shall be the value of the property converted, destroyed,
embezzled, or concealed, the injury sustained by the estate, or any person interested therein, interest on money
retained, such exemplary damages as the court or jury
trying the case may be willing to give, and ten per cent.
on the whole amount assessed." Now, if the 13th section of the act touching the relation of guardian and
ward, above referred to, makes the last recited section applicable to suits on the bonds of guardians, (and we think
it does,) then the court below was right in adding the ten
per cent. to the amount found to be retained by the
guardian. The principle involved in the case of *The State
on relation of Daggs* v. *Hughes*, 15 Ind. 104, seems to be
analogous to that presented here, and if so, it sustains
the view above expressed.

But it is insisted that the court erred in ordering that
the judgment should be collected without relief from appraisement laws. The law, however, is otherwise. In
1858 the legislature passed an act " to regulate the collection of judgments, and the sale of property on execution
against any sheriff, constable, or other public officer, administrator, guardian, etc., or the sureties of any or either
of them," (2 G. & H. 220,) by which it is enacted "that
hereafter all judgments recovered against any sheriff, constable, or other public officer, administrator, executor, or
any person or corporation, or the sureties of any or either
of them, for money collected or received in a fiduciary capacity, or for any breach of any official duty, or for money
or other article of value held in trust for another, shall be
collectable without stay of execution or benefit of the
valuation or appraisement laws of this state." And it has
been held by this court that the provisions of this statute

are applicable to bonds executed before, as well as after, its passage. *Pierce et al.* v. *Mills et al.*, 21 Ind. 27. We see nothing in the record to justify a reversal of the judgment, and it must therefore be affirmed.

Judgment affirmed, with five per cent. damages and costs.

*James C. Denny*, for appellants.

*F. W. Viehe*, for appellee.