MAY vs. HOLDRIDGE, Treasurer, etc., and another.

Where a special tax on adjoining lot owners to pay for city improvements is invalid by reason of some defect of power in the municipal authorities, it is competent for the legislature to supply the defect, and to provide for a re-assessment of such tax.

APPEAL from the Circuit Court for *Rock* County.

Section 1, chapter 483, Laws of 1865, enacts as follows:

"In all cases in which any work has been done in the city of Janesville, in either of the years 1854, 1855, 1856, 1857 or

1858, in opening, grading, graveling, planking or paving streets and alleys in said city, or in repairing streets and alleys therein, when such work has been done under or in pursuance of any contract entered into between the said city of Janesville, or any of the officers thereof, with [and] any person or persons, or between the alderman of any of the wards in said city, and any person or persons, or under any supposed contract so entered into, or by direction of any of such officers, and such work has not been paid for, and the same has been assessed, or attempted to be assessed, in any or either of said years, upon any lot or parcel of land upon which the same was properly chargeable, or might have been properly chargeable if all of the provisions of the charter of said city in relation to such work had been strictly complied with, and after such assessment or attempted assessment, the said work or the assessment therefor upon any lot or parcel of land, has not been paid for by the owner of said lot or parcel of land, or by the lot or parcel of land itself, but the same has been returned by the treasurer of said city to the county treasurer of the county of Rock as delinquent street assessments, and such delinquent street assessments still remain unpaid, such delinquent street assessments, with interest thereon, are and are hereby made and declared to be valid liens, both in law and equity, upon the lot or lots, parcel or parcels of land, upon which they were assessed, or attempted to be assessed, or would have been properly chargeable, notwithstanding the provisions of the charter of said city in relation to such improvements may not in all things have been strictly complied with; and the records remaining in the office of the clerk of the board of supervisors of said county of Rock are hereby made notice to all persons of such liens."

The act further provides for the making and publishing of a list of such delinquent lands, and the submission of complaints of the injustice of such assessments to a commissioner, who

should determine and report in each case the true value of the improvement for which the assessment was made, adding interest to the date of such report; and that said delinquent list, corrected so as to correspond with said reports, should be published, and if the assessments therein named should not be paid within three months from the time of such publication, the treasurer of Rock county should sell the delinquent lands, etc.

The plaintiff in this action was, in January, 1863, and still continues to be, the owner of certain lots in the city of Janesville, fronting partly on Main and partly on Milwaukee street. He is the holder, also, of certain tax deeds thereon, executed by said city respectively in 1862, 1863, and January, 1865, and of other tax deeds from the county of Rock, executed in 1863; and is the grantee of a third party to whom a tax deed from said county was given in 1864, and one from said city in 1865. A re-assessment of certain street taxes on said lots for 1856, was made in pursuance of said chap. 483, Laws of 1865, and afterward, about August 22, 1865, the defendant *Holdridge*, as county treasurer of said county, caused notice to be published that on the 23d of November following, he would sell at public auction for non-payment of assessments for re-assessed street taxes, lands described in the schedule attached to the notice, including plaintiff's said lots. The schedule showed that the year for which said tax was claimed to be due was 1856, and that the lots were assessed to plaintiff. The complaint in this action further alleges that sometime in 1855, the aldermen of the second ward of said city assumed to let the job of setting curb stone along the sidewalk in front of said lots on Main street, and paving and macadamizing said street to the center thereof, in front of said lots; that in August, 1856, the aldermen of said ward entered into a contract in writing with one R., for grading, paving, setting up curb stones, macadamizing and making sidewalks and cross-walks on Milwaukee street, in front of said lots, among others; that neither they nor their

predecessors in office ever determined to make said improvements prior to the time of entering into said contract; nor caused to be made an estimate of the whole expense of such improvement, and of the proportion to be assessed on each lot; nor gave notice by advertisement to the owner of the premises requiring him to do the work, etc.; nor appointed an overseer of highways in said ward, as required by the charter of said city; nor had they established the grade of Milwaukee street prior to that time. It is further alleged, that, at the time said work of macadamizing was done as aforesaid, the charter did not authorize such work to be done; that the work so done was not worth the sum sought to be made a charge on said lots, but was of very little, if any value; that it was poorly done, with unsuitable material, and not in a workmanlike manner. Prayer, that said taxes and said reassessment thereof might be set aside, and that said *Holdridge* and his successors in office, and said county of Rock, etc., be enjoined from selling said premises, etc., etc.

A demurrer to the complaint was overruled; and the plaintiff appealed.

*J. M. May*, for appellant:

The reason why this court has gone so far in upholding laws for the re-assessment of *general* taxes is obvious. Such a tax "is a *debt due to the government*, which the owner of the property has no more right in *equity* and conscience to withhold than the most sacred debt of a private nature." *Warden v. Fond du Lac Co.*, 14 Wis. 618. Such a tax is, in fact, an equitable lien upon the property of the individual from the time it is levied; and that is so even where the tax is invalid, and the property has passed into other hands before the passage of the re-assessment law. *Peters v. Myers*, 22 Wis. 602. This rule does not apply to assessments on lots for street improvements. They are in the nature of proceedings *in rem* to charge particular

property. Such charge can be created only in the manner pre-scribed by law. The officers of the city " could only make that tax valid by substantially complying with the provisions of the charter relating to these special assessments." They " had no power or jurisdiction whatever to levy and assess the special tax " except by " complying with the provisions of the charter." *Jenkins v. Rock County*, 15 Wis. 12; *Dean v. Madison*, 9 id. 402 ; *Rogers v. Milwaukee*, 13 id. 610 ; *Mitchell v. Milwaukee*, 18 id. 92 ; *Kneeland v. Milwaukee*, 18 id. 411 ; *Wells v. Burn-ham*, 20 id. 112 ; *Myrick v. La Crosse*, 17 id. 442. The liability of the lot for improvements made fronting it depends not upon any " duty " or " obligation " which that particular lot owes to the public, but upon the fact that the requisite statutory pro-ceedings have been complied with. Duty and obligation are terms which are properly applied to persons, but not to corner lots. See *Sharp v. Speir*, 4 Hill, on pp. 82, 86. 2. The claim for the work done is a *private one*, by the contractor against the lot. No one is interested in its enforcement except the holder of the certificate. *Finney v. Oshkosh*, 18 Wis. 209. — Counsel further argued that the attempt of the laws of 1865 was in fact to *legalize a void contract*, which the agent of the city had no power to make, and cited *Hasbrouck v. Milwaukee*, 13 Wis. 46, to show that this was not within the power of the legis-lature. He also cited *Cornell v. Hichens*, 11 Wis. 370, 371; *Robinson v. Howe*, 13 id. 341; *People v. Seymour*, 16 Cal. 332, 341, 342.

*H. A. Patterson*, for respondent.

PAINE, J. The plaintiff in this action seeks to restrain the sale of certain lots for assessments imposed for street improve-ments. He probably states in his complaint enough to show that the original assessments were void for non-compliance with the provisions of the charter in force when the improvements were made. But the complaint also shows that the taxes were

VOL. XXIII. — 7

re-assessed in pursuance of chapter 483, Laws of 1865, and that the officers are attempting to sell under that act.

It is not claimed that the complaint shows any cause of action if that is valid; but the whole argument for the plaintiff is rested upon its alleged invalidity.

In *Tallman v. Janesville*, 17 Wis. 71, and in *Cross v. Milwaukee*, 19 Wis. 509, this court held that the legislature had power to provide for the re-assessment of a general tax, which was void by reason of non-compliance with the law in its original assessment. And, though the counsel for the plaintiff contends that there is a distinction between a general tax and an assessment for street improvements in this respect, I am unable to see any substantial distinction between them, so far as this question of power is concerned. It is true, as was suggested in *Weeks v. Milwaukee*, 10 Wis. 242, that the system of street assessments is often the means of imposing more oppressive burdens upon individuals than the system of general taxation. But its validity having been sustained, this consideration cannot have the effect of withdrawing this branch of taxation from the application of those general principles respecting the power of the legislature to provide for the correction of defective proceedings, upon which the decisions above referred to were based. On the contrary, these special assessments for local improvements are to be regarded as one of the constitutional modes of taxing the citizen for the public benefit. And whenever defective proceedings for that purpose have been had, these must present the same basis for the application of the corrective power of the legislature that would be furnished by defective proceedings to assess a general tax.

This rule must, of course, be understood with its proper restrictions. The work for which the tax is sought to be assessed must be of such a character that the legislature is authorized to provide for it by taxation. The method adopted must be one liable to no constitutional objection. It must be

such as the legislature might originally have authorized, had it seen fit. With these restrictions, where work of this character has been done, I think it competent for the legislature to supply a defect of authority in the original proceedings, to adopt and ratify the improvement, and provide for a re-assessment of the tax to pay for it. This conclusion is supported not only by the decisions of this court, above cited, but also by the following cases: *Guildford v. The Supervisors*, 13 N. Y. 143, and *Brewster et al. v. Syracuse et al.*, 19 id. 116.

Having arrived at this conclusion, there is no other question in the case material to consider. The demurrer was properly sustained.

*By the Court.*— The order is affirmed, with costs.