HENDERSON, AUDITOR OF STATE, *v.* THE STATE, EX REL. MOON.

TAXES.—*Refunding Taxes on School Lands.*—*Repeal of Statute.*—*Judgment.*— The act of February 8th, 1877, Acts 1877, Reg. Sess., p. 139, legalizing certain assessments, and prohibiting the refunding of taxes on school lands, paid prior to the conveyance of the same, takes away the right of the tax-payer to have the same refunded to him either by a county or the

State, under the act of March 2d, 1853, 1 G. & H., p. 110, in relation to the refunding of illegal taxes, unless, prior to the passage of such repealing act, he had reduced his claim to judgment.

SAME.—*Mandate.—Auditor of State.*—The Auditor of State can not, since the passage of such repealing act, be compelled, by mandate or otherwise, to issue a warrant upon the state treasury, for the repayment of such taxes.

SAME.—*County Commissioners.— Vested Right.—Contempt.*—Prior to the passage of such act, a circuit court granted a mandate against a board of commissioners, ordering the allowance by them of just claims for the refunding of such taxes.   After the passage of the act, the board having refused to allow such claims, an attachment was issued by the court to compel obedience to its mandate, whereupon the board allowed the claims.

*Held,* that the action of the board was a nullity, and vested no rights in the claimants.

From the Marion Circuit Court.

*C. A. Buskirk,* Attorney General, for appellant.

*H. Brownlee, J. Brownlee* and *H. D. Thompson,* for appellee.

WORDEN, J.—This was a petition by the State, upon the relation of Moon, who prosecuted for others interested in the matters as well as for himself, against the appellant, for a mandate against the latter, requiring him to issue to the relator and others warrants upon the state treasurer for moneys paid by them as taxes for state purposes upon certain school lands before the title thereto was conveyed to the tax-payers, and while the same remained in the inhabitants of the townships in which they were situated.

The defendant demurred to the petition for want of sufficient facts, but the demurrer was overruled, and he excepted.   The defendant standing upon his demurrer and declining to answer, final judgment was rendered for the plaintiff.

Error is assigned upon the overruling of the demurrer.

The following facts may be gathered from the petition:

At the December session, 1875, of the board of commissioners of Madison county, in which the taxed lands are situate, the claimants filed their respective claims before the board, asking that they might be heard, and that

proper certificates be granted them, to the end that the claimants might present the same to the auditor of state for payments, in accordance with the 2d section of the act of March 2d, 1853, 1 G. & H., p. 110. The board, however, rejected the claims and refused to certify.

Afterward the applicants instituted proceedings in the Madison Circuit Court, by way of mandate, against the board of commissioners, to require that body to proceed to hear the claims and act upon them; and such proceedings therein were had as that at the December term of that court, 1876, it was ordered and adjudged amongst other things, as follows:

" It is ordered, that said board of commissioners proceed to hear such persons as may, by attorney or agent properly authorized, or in person, at a called or regular session; that if they establish by proper proof that they have paid such illegal taxes, that said board certify such taxes as have been so wrongfully assessed for state purposes, viz., state, school and sinking fund, to the auditor of state. * * * Said board to be called to hear said causes as soon after the adjournment of this court as the business of said commissioners and the convenience of the attorneys may allow."

At a special session of the board, in January, 1877, the above order was certified to the board, and the board continued the matter until their regular March term.

At the March term, the board refused to obey the mandate and to certify the claims. The applicants then procured an attachment against the board; whereupon that body, at a special session, in June, 1877, proceeded to hear the claims, and made their certificate in accordance with the statute above cited. The whole amount of state taxes thus paid by all the applicants is $1,731.36.

The relators would, doubtless, have been entitled to their money, had not the Legislature, by an act approved February 8th, 1877, which took effect from and after its passage, taken away their legal right to it. That act not

Henderson, Auditor of State, *v.* The State, *ex rel.* Moon.

only repeals all laws authorizing the refunding of taxes paid in such cases, but it prohibits all treasurers from refunding, and all boards of commissioners from authorizing the same, and takes away the jurisdiction of all courts to entertain any action brought to recover such taxes. The right of the relators to have the taxes refunded by the State depended solely upon legislative enactment. They had no vested right to have the taxes refunded, until their claims were reduced to judgment, and until that time the Legislature had the undoubted right to repeal the law which entitled them to it.. See the case of *The Board of Commissioners of St. Joseph County* v. *Ruckman,* 57 Ind. 96, where the act of 1877 is set out, and the question here involved considered.

The relator and those for whom he sues had in no manner reduced their claims to judgments before the repeal of all laws authorizing them, by the act of 1877. The action of the board of commissioners in hearing the claims, in deciding that they were proved, and in issuing the certificate, if it could otherwise be regarded as such a judgment as would give a vested right to the money, was had some months after the repeal of the law authorizing the claims, and indeed after the jurisdiction of any court to entertain an action to recover such taxes had been taken away

The judgment of the Madison Circuit Court, in the mandamus proceedings, did not settle the right of the claimants to any money; it simply directed the board of commissioners to proceed to hear the applications, and, if the proper proof should be made, to issue the certificate.

We think it clear, that the act of 1877 took away any right which the relator and those for whom he sues would have otherwise had to a refunding of the taxes, and, therefore, that the court erred in overruling the demurrer to the complaint.

The Attorney General has filed a brief in the cause, taking the position, amongst others, that the act of 1877

is valid as legalizing and validating such taxes, and has cited several authorities upon the point. We have found it unnecessary to decide any thing upon this point, but, without having examined the authorities cited, we reproduce them for convenience of reference: Cooley Taxation, 225; *Brevoort* v. *Detroit*, 24 Mich. 322; *People* v. *Seymour*, 16 Cal. 332; *People* v. *Todd*, 23 Cal. 181; *Walpole* v. *Elliott*, 18 Ind. 258; *Wood* v. *Kennedy*, 19 Ind. 68; *Sparks* v. *Clapper*, 30 Ind. 204; *Andrews* v. *Russell*, 7 Blackf. 474; *Mather* v. *Chapman*, 6 Conn. 54; *Davis* v. *The State Bank*, 7 Ind. 316; *Lucas* v. *Tucker*, 17 Ind. 41.

The judgment below is reversed, with costs, and the cause remanded for further proceedings, in accordance with this opinion.