### RICHARDS v. BELLINGHAM BAY LAND CO.

*(Circuit Court, D. Washington, N. D.  October 20, 1891.)*

DOWER—ABOLITION BY STATUTE—EFFECT ON EXISTING MARRIAGES. •
    The various acts of Washington Territory, abolishing the right of curtesy and dower, and which are now embodied in Code Wash. 1881, § 2414, providing that "no estate is allowed the husband as tenant by the curtesy, upon the death of his wife, nor is any estate in dower allotted to the wife upon the death of her husband," took away a wife's inchoate right of dower in lands previously alienated by her husband without joining her in the deed.

In Equity.  On demurrer to the bill.
*Harris, Black & Leaming,* for plaintiff.
*W. Lair Hill,* for defendant.

HANFORD, J.  This case has been heard upon a demurrer to the bill, presenting the question whether a widow whose husband died in the year 1889 is entitled to dower in lands situated in this state which the husband owned, and in which he was seised of an estate of inheritance at the time of his marriage to her, in 1866, and which he sold and conveyed in the same year, by a deed in the execution of which she did not join.  By a statute of Washington Territory, in force at the times of the marriage and alienation by the husband of the land in controversy, the right of dower in lands situated in the territory existed, and provisions were made for securing and protecting it.  Laws Wash. T. 1864, p. 6.  The important sections of this act are the following:

"Section 1. Be it enacted by the legislative assembly of the territory of Washington that the widow of every deceased person shall be entitled to dower, for the use, during her natural life, of one-third part of all the lands whereof her husband was seised of an estate of inheritance, at any time during the marriage, unless she is lawfully barred thereof."  "Sec. 7. When a widow shall be entitled to dower out of any lands which shall have been aliened by the husband in his life-time, and such lands shall have been enhanced in value after the alienation, such lands shall be estimated in setting out the widow's dower, according to their value at the time when they were so alienated."  "Sec. 13. A married woman, residing within this territory, may have her right of dower in any estate conveyed by her husband, or by his guardian if he be a minor, [barred,] by joining in the deed of conveyance, and acknowledging the same, or by joining with her husband in a subsequent deed, acknowledged in like manner.  Sec. 14. A woman may also be barred of her dower in all the lands of her husband, by a jointure settled on her with

her assent before the marriage: provided such jointure consists of a freehold estate in lands for the life of the wife at least, to take effect in possession or profit immediately on the death of the husband."

The nature of dower, as defined by this statute, is the same as at common law. It is during marriage but a possibility, which may or may not develop into a right. By the terms of the act, the only rights given are given to widows of deceased persons, and it is plain that under it no right could become vested in any woman until her *status* as wife changed to that of a widow. Moreover, the legislature at the end of the first section added the words, "unless she is lawfully barred thereof," to show explicitly that there was nothing absolute in the right intended to be conferred. The decisions of the supreme court of the United States, while recognizing a married woman's inchoate right of dower as being valuable, (*Sykes* v. *Chadwick*, 18 Wall. 141,) have settled the law, at least for this court, that a wife, who has a right of dower only in the event that she survive her husband, has no present title to her husband's land, either legal or equitable, (*Dolton* v. *Cain*, 14 Wall. 472,) that while in this condition her interest in her husband's land may be dealt with and entirely abrogated by the law-making power, (*Randall* v. *Krieger*, 23 Wall. 137;) and that all rights incidental to and dependent upon the marriage relation, conjugal as well as pecuniary, including dower, may be taken away by a mere arbitrary act of the legislature, unless such act is inhibited by positive and express constitutional provisions, (*Maynard* v. *Hill*, 125 U. S. 190, 8 Sup. Ct. Rep. 723.)

The legislature had the power to enact laws after the complainant's marriage, and before she became a widow, having the effect to cut off her right of dower in lands of which her husband was seised during the marriage. Has it done so? This is the question to be decided, for the right claimed is not barred by any deed or act of the complainant.

The oldest statutes of the territory contain several provisions referring to dower, which were appropriate and necessary, so long as that feature of our law remained; but I will trace the legislation upon the subject only from the year 1863, as all important changes have occurred since the session of the legislature held in that year. The act of 1863, relating to deeds, contains a section providing that a married woman shall not be bound by any deed affecting her own real estate or releasing dower, unless she shall be joined by her husband in executing the conveyance, nor unless her own acknowledgment of it shall be taken and certified with prescribed formalities. Laws 1863, p. 430, § 3. The law governing the descent of real property enacted at the same session expressly recognizes dower, by declaring that the provisions of that chapter shall not affect the title of a widow as tenant in dower. Id. p. 264, § 352. The law relating to wills provides that it shall not be so construed as to deprive a widow of her dower. Id. p. 207, § 51. Appropriate provisions for protecting and securing the right of dower are to be found in the various revisions and amendments of the general laws relating to conveyances of and actions to recover and partition real property, and settle estates of deceased persons, made prior to the revision and compila-

tion of the laws in the Code of 1881. In addition to those cited above, see Laws 1869, p. 131, § 503; Id. p. 139, § 537; Id. p. 301, § 8; Laws 1873, p. 135, § 501; Id. p. 143, § 535; Id. p. 465, § 3; Laws 1877, p. 312, § 3; Id. p. 115, § 555; Id. p. 122, § 588. These various provisions were all repealed by being omitted from the Code of 1881, except the third section of the act relating to deeds, which has, however, been repealed by the acts of 1886 and 1888. Laws 1885–86, p. 177; Laws 1887–88, pp. 50, 51.

The first important departure in the legislation of the territory from common-law principles, in respect to property rights of husband and wife, is found in the community property law of 1869, (Laws 1869, p. 318.) This act does not in terms refer to the subject of dower. A more radical change took place in 1871, in the act of that year defining the rights of persons and property as affected by marriage. Laws 1871, p. 67. Section 23 provides that "neither dower nor curtesy shall hereafter accrue." In the case of *Hamilton* v. *Hirsch*, 2 Wash. T. 223, 5 Pac. Rep. 215, the supreme court of the territory held that the legislature had power to, and by this act did, cut off existing inchoate rights of dower, and that a widow whose husband died while that law was in force was not entitled to dower in any lands in the territory. In 1873 the act of 1871 was repealed, (Laws 1873, p. 486,) and the law of 1869 was re-enacted. Id. p. 450. In 1875 there was a revision of the law relating to the descent of property by an act entitled "An act to regulate the descent of real estate and the distribution of personal property." Laws 1875, p. 53. Section 1 provides, in effect, that when any person shall die seised of any lands in fee-simple, or for the life of another, leaving a surviving husband or wife, such survivor shall inherit a portion of such lands. Section 3 provides that "the provisions of section 1, as to the inheritance of the husband and wife from each other, apply only to the separate property of the decedents, and take the place of tenancy in dower, and tenancy by the curtesy, which are hereby abolished." The same provisions were re-enacted as part of the chapter relating to the descent of real estate in the Code of 1881. Code, §§ 3302, 3304. In 1879 an act was passed entitled "An act relating to and defining the property rights of husband and wife." Laws 1879, p. 77. Section 18 reads as follows: "No estate is allowed the husband as tenant by curtesy upon the death of his wife, nor is any estate in dower allotted to the wife upon the death of her husband." This provision has been re-enacted as section 2414 of the Code, and is embraced in the chapter relating to the property rights of married persons. Code, p. 415. These sections 2414, 3302, and 3304 of the Code were in force as law in Washington Territory at the time of the death of complainant's husband.

The statutes referred to show that since 1863, and prior to the death of complainant's husband, the legislature has, after first amplifying the laws relating to dower, by a gradual and somewhat irregular course, but thoroughly, eliminated all provisions recognizing it as an existing right; so that, in 1889, the statutes in force referred to dower only in the sec-

tions declaring it abolished. Under existing laws, instead of dower, married women have the rights which the community property law gives, and the widow of every man who dies seised of an estate of inheritance in land in this state, without having devised the same, is entitled to a portion thereof as an heiress. The change is general. No exceptions or saving clauses are to be found in the statutes. The legislature has exercised, to the full extent, its power to cut off such rights as the complainant in this case lays claim to.

An ingenious argument is put forth to the effect that the case must be determined according to the law in force at the time of the alienation of the land; otherwise, as the vendee took subject to the right of dower, and presumably paid no more for the land than the value of the interest therein, which was conveyed to him, he will profit by the contract of purchase beyond what the parties contemplated in making it. The unsoundness of this proposition is in the false assumption which it involves as to the nature of dower, as if it were, during continuance of the marriage, a definite vested right. The vendee took his estate subject only to a possibility that in the future a right of dower might accrue. The title which he bought and paid for was absolute, except in the contingency that the wife of the vendor should survive her husband, and her right of dower should not be lawfully barred. Barring the right by legislative enactment no more added to his profit than would the death of the complainant if it had occurred prior to her husband's death,—a contingency which the parties should have had in mind. The authorities cited in support of the argument only go to the extent of holding that, where a right of dower has vested, after the property subject to it has been conveyed by the husband, the law in force at the time of the alienation governs, instead of the law existing at the time of the husband's death. They lend but little support to the contention that the complainant has acquired a right, by force of a law, long after the repeal of that law. The same argument, stated in another way, would be that, by the husband's alienation of the land before the right of dower was abolished, the interest of the wife therein was changed to a vested right, so that in such land, and against his vendee, the right remains, although, if he had retained the same land until his death, no such right would have attached to it. I am not able to find any ground in reason for such distinction. It is my opinion that the complainant has no valid claim to or interest in the land described in her bill. The demurrer will be sustained, and a decree dismissing the bill will be entered.