Johnson and another, Appellants, vs. Hill, Respondent.

*March 5 — April 3, 1895.*

*Voluntary assignment: Bond of assignee: Curative statute: Pending action: Discharge of assignor: Publication of order: Time.*

1. The indorsement upon the assignee's bond by the court commissioner receiving it, showing his approval thereof, having been required only by reason of the statute, it was competent for the legislature, by ch. 276, Laws of 1893, to validate all bonds theretofore taken and filed by such officer, although they lacked such indorsement.

2. The validation of such a bond by the act of 1893 operated to make effectual a discharge of the assignor from his debts so that it became a defense in an action pending when said act went into effect.

3. Publication on six successive Thursdays of an order to show cause why an assignor should not be discharged, the first publication being more than six weeks prior to the day fixed for the hearing, was a publication "for at least six successive weeks prior to the day of the hearing," within the meaning of sec. 1702*g*, S. & B. Ann. Stats., although there was less than six weeks between the first and the last publication.

APPEAL from a judgment of the circuit court for La Crosse county: A. W. NEWMAN, Circuit Judge. *Affirmed.*

On January 29, 1889, the defendant, for value, made and executed to the plaintiffs, under their firm name of Johnson & Larson, his promissory note for $267.79, dated on that day and due in one year. On April 18, 1890, the defendant, a resident of La Crosse county, executed and delivered to S. A. Daniels an assignment for the benefit of his creditors, pursuant to the statute. Said assignee qualified and entered upon the discharge of his duties; and on April 23, 1890, a list of the creditors of the defendant and an inventory of his assets were duly filed. Such list named the plaintiffs as creditors for the amount of said note. On April 24, 1890, a notice was duly mailed by said assignee to all the creditors·

of the defendant, including the plaintiffs, to file their claims against the estate of the defendant, which said notice was likewise published in a newspaper in La Crosse county. On April 25, 1890, the defendant presented to the judge of the circuit court a petition for a discharge from all of his debts and liabilities, pursuant to the statutes. Such proceedings were had thereon that July 1, 1890, an order was duly made by the circuit court of said county, and entered therein in said proceedings, discharging the defendant from all of his debts and liabilities, pursuant to the statutes, including the note in suit. On January 9, 1893, the plaintiffs commenced this action to recover the amount due on said note. The defendant answered, setting up said discharge and the several proceedings in obtaining the same. A jury trial was waived, and the cause was tried by the court, and at the close of the trial the court found, in effect, that such discharge was an effectual bar to any recovery on said note. From the judgment entered accordingly the plaintiffs appeal.

For the appellants there was a brief by *E. C. Higbee*, of counsel, and *Wyatt H. Graves*, attorney, and oral argument by *Mr. Graves*. To the point that ch. 276, Laws of 1893, could not operate to validate the assignment so that the discharge therein should become a defense in an action then pending, they cited *Charles Baumbach Co. v. Singer*, 86 Wis. 329; Cooley, Const. Lim. (6th ed.), 112; *Denny v. Mattoon*, 2 Allen, 361; *McDaniel v. Correll*, 19 Ill. 226; Ordronaux, Const. Leg. 600, 602.

For the respondent there was a brief by *Mills Tourtellotte*, and oral argument by *F. H. Bloomingdale*. To the point that the passage of the curative statute was within the power of the legislature, and that it affected this case although the action was pending when it was passed, they cited Cooley, Const. Lim. 371, 381; *Hall v. Baker*, 74 Wis. 118, 129, 130; *Selsby v. Redlon*, 19 id. 17; *Raymond v. Sheboygan*, 76 id. 335; *Mills v. Charleton*, 29 id. 400.

CASSODAY, J. It is found by the court, and undisputed, that at the time of making the assignment and granting the discharge the plaintiffs, as well as the defendant, resided in La Crosse county. The plaintiffs appear to have been named in the list of creditors filed by the defendant in his insolvency proceedings, on account of the note in question. Such being the facts, there can be no doubt that the discharge was a bar to this action, unless there was some failure to comply with some provision of the statute in obtaining the same. Laws of 1889, ch. 385, secs. 12–15; S. & B. Ann. Stats. secs. 1702o–1702r.

It is contended that the discharge is ineffectual because there was no indorsement upon the bond given by the assignee, by the circuit court commissioner receiving the same, showing that he was satisfied therewith and accepted and approved the same, as required by the statutes. R. S. secs. 1694, 1695. This action was commenced January 9, 1893, but was not tried until August 30, 1893, and the judgment was not entered until October 7, 1893. Ch. 276, Laws of 1893, went into effect May 2, 1893, and amended the sections of the statutes cited so that the taking and filing of such bond by the court commissioner must be deemed a sufficient approval thereof, and provided that all bonds theretofore taken and filed by such court commissioner were thereby declared to be sufficiently approved and valid. Since such indorsement was only required by reason of the statute, we have no doubt of the power of the legislature to thus cure the defect by such subsequent enactment. Similar questions have frequently been determined by this court. *Selsby v. Redlon,* 19 Wis. 17; *May v. Holdridge,* 23 Wis. 93; *Kimball v. Rosendale,* 42 Wis. 412; *Cathcart v. Comstock,* 56 Wis. 613; *Raymond v. Sheboygan,* 76 Wis. 335.

It is contended that a copy of the order to show cause why the discharge should not be granted was not published for "six successive weeks prior to the day of hearing," as

required by the statute (Laws of 1889, ch. 385, sec. 4; S. & B. Ann. Stats. sec. 1702*g*). It appears that the first publication was on Thursday, May 8, 1890, and thê last publication on Thursday, June 12, 1890, and that it was also published on each of the four intervening Thursdays; so that there were in all six publications,—one in each of "six successive weeks prior to the day of the hearing." The order was made and dated April 26, 1890, and the day fixed therein for such hearing was June 28, 1890, naming the hour and place. True, there were only thirty-six days from the time of the first publication to the time of the last publication, inclusive; but there were six publications, and there were more than seven weeks from the time of the first publication to the time fixed for the hearing. We must hold that the publication was sufficient to satisfy the requirement of the statute. *Cox v. North Wis. L. Co.* 82 Wis. 141.

*By the Court.*— The judgment of the circuit court is affirmed.

