BURGET ET AL v. MERRITT ET AL.

[No. 18,816.   Filed June 21, 1900.]

STATUTES.—*Husband and Wife.—Childless Second Wife.—Children by Former Marriage.—Deeds.*—Sections 2, 3 and 4 of the act of 1889 (Acts 1889 p. 430), relating to conveyances made by children whose father left surviving him a childless second wife, form a complete statute in themselves, and the subject-matter of such sections is clearly expressed in the title thereof. *pp. 145, 146.*

DESCENT AND DISTRIBUTION.—*Husband and Wife.—Childless Second Wife.—Children by Former Marriage.—Deeds.—Estoppel.*—Under the provisions of §2 of the act of 1889 (Acts 1889 p. 430), children by a former marriage who executed a deed of conveyance during the life of a childless second wife to lands descending from their father, purporting to convey complete fee simple title to the whole tract, except a life estate of the widow in an undivided third thereof, are estopped from claiming title to the one-third interest as the forced heirs of the widow, at her death in 1897, although the deed of conveyance was executed prior to the passage of the act of 1889, and at a time when the law of descent was construed as giving such heirs no present interest in the share of their stepmother in such estate. *pp. 143-148.*

SAME.—*Husband and Wife,—Childless Second Wife.—Children by Former Marriage.—Deeds.—Estoppel.—Impairment of Contracts.*—Where children by a former marriage executed a deed of conveyance, during the life of a childless second wife, to lands descending from their father, purporting to convey complete fee simple title thereto, except the life estate of the widow in an undivided one-third, the enforcement of the provisions of §2 of the act of 1889 (Acts 1889 p. 430), enacted subsequently to the execution of the deed, but before the death of the widow, making such deed binding on them when their expectancy was realized, does not amount to an impairment of their contract. *pp. 148-150.*

From the Clinton Circuit Court.   *Affirmed.*

*J. Claybaugh* and *N. P. Claybaugh,* for appellants.
*M. A. Morrison* and *S. Merritt,* for appellees.

BAKER, C. J.—In 1882 William Burget died intestate, seized of 160 acres.   He left surviving him Harriet Burget, who was his second wife and by whom he had no children,

and appellants, who are descendants from a former marriage. In 1883 appellants executed to Seager a deed of release and quitclaim for the fee simple title to the whole tract. They sold and intended to convey to Seager the complete title except a life estate of the widow in an undivided third. Seager paid appellants $6,200, which was the full value of all the land, and he believed that he was acquiring title to the whole except a life estate of the widow in an undivided third. Harriet Burget knew of, consented to, and approved the sale and conveyance. She died in 1897, and shortly after her death appellants began this action in partition to obtain one-third of the land as the "forced heirs" of Harriet Burget. Appellants have not returned nor offered to return any part of the $6,200. Appellees, who claim through Seager by descent and purchase, filed an answer in which they relied upon the foregoing facts as a complete defense. The only assignment not waived is that the court erred in overruling a demurrer to this answer for want of facts.

In §2487 R. S. 1881 it was provided "That if a man marry a second or other subsequent wife and has by her no children, but has children alive by a previous wife, the land which at his death descends to such wife shall at her death descend to his children". In *Martindale* v. *Martindale,* 10 Ind. 566, May term 1858, this statute, with that fixing the extent of the widow's and the children's interests, was construed to mean that at the death of the husband and father the second childless wife took a life estate in an undivided third and the children by the former wife two-thirds in fee and a remainder in fee in one-third. Such was the uniform construction in an unbroken line of decisions down to the case of *Utterback* v. *Terhune,* 75 Ind. 363, May term 1881. But in that case the construction fixed by a quarter century's adjudications was abandoned, and the above quoted curious and anomalous language was held to mean that the second childless wife took one-third in fee,

Burget v. Merritt.

that she had no power to alienate· the fee if any descendant of the husband from a former marriage was alive at her death, that such descendants were her "forced heirs", that she had no power to disinherit her "forced heirs", that the children acquired no title from their father and had no present interest—an expectancy only—during the life of their stepmother.  *Bryan* v. *Uland,* 101 Ind. 477; *Thorp* v. *Hanes,* 107 Ind. 324; *Erwin* v. *Garner,* 108 Ind. 488; *Gwaltney* v. *Gwaltney,* 119 Ind. 144; *Habig* v. *Dodge,* 127 Ind. 31; *Haskett* v. *Maxey,* 134 Ind. 182, 19 L. R. A. 379; *Stephenson* v. *Boody,* 139 Ind. 60; *Smith* v. *McClain,* 146 Ind. 77; *Byrum* v. *Henderson,* 151 Ind. 102; *Thompson* v.· *Henry,* 153 Ind. 56; *Johnson* v. *Johnson,* 153 Ind. 60. This was the law in force at the time of William Burget's death and appellants' sale and conveyance to Seager.  As appellants had only an expectancy in the one-third that descended in fee to Harriet Burget, their sale of that third by deed of release and quitclaim in 1883 would not estop them from asserting in 1897 the title in fee that they would then derive as the "forced heirs" of Harriet Burget, and the answer would be bad, if the deed is to be given only the effect it would have under the foregoing statute and decisions.  *Graham* v. *Graham,* 55 Ind. 23; *Avery* v. *Akins,* 74 Ind. 283; *Bryan* v. *Uland, supra; Haskett* v. *Maxey, supra.*

In 1889 an act was passed, the first section of which undertook to change the rule of descent prescribed in §2487 R. S. 1881.  Acts 1889 p. 430.  This section has been found to be void, because the change was attempted to be made by amending a prior amendatory act that had been expressly repealed prior to 1889.  *Helt* v. *Helt,* 152 Ind. 142.  And the rule of descent prescribed in §2487 R. S. 1881 continued in force until the act of 1899 went into effect.  Acts 1899 p. 131.  The second and fourth sections of the act of 1889 read as follows:  "(2) In all cases where,

during the life of the second or subsequent childless wife and after the death of the husband, the children of the latter by a former wife have executed or attempted to execute conveyances in fee to all or any part of the lands affected by the life estate, and have received full payment therefor, or where all or any part of such lands have been conveyed for a full consideration by the guardians of any of such children, such conveyances shall, at the death of such second or subsequent childless wife, be held to convey the interest of such children in such lands that would descend to them through such second or subsequent childless wife, and shall estop such children or their heirs from hereafter claiming such interest. (4) The provisions of this act shall not apply in any case where the second childless wife has died and the estate becomes vested in the heirs of the deceased husband." The subject-matter of these sections is clearly expressed in the title: "* * * and an act to render valid conveyances by children, or their guardians, of deceased husbands who have left second or subsequent childless wives surviving them, and also children by former wives surviving them, of real estate that descended to such second or subsequent childless wives from such husbands, under the provisions contained in §2487 of the R. S. of 1881." Section one and the part of the title in reference thereto are not so connected with the remainder of the act as that their fall destroys the entire structure; on the contrary, sections two, three, and four, and the part of the title relating to them, form a complete statute in themselves. *Smith* v. *McClain,* 146 Ind. 77. And if this statute is applicable to the present case, the answer is good.

Appellants insist that the rights of the parties are to be determined by the law as it stood when they made the deed to Seager; that the act of 1889 was not intended to apply to deeds executed before its passage; that to apply the act to their deed would destroy their vested rights and impair the obligation of their contract expressed in the deed to Seager.

Burget *v.* Merritt.

In *Haskett* v. *Maxey,* 134 Ind. 182, and *Stephenson* v. *Boody,* 139 Ind. 60, relied on by appellants, it was held that a quitclaim deed executed by the children of a former wife, prior to the decision of *Utterback* v. *Terhune,* 75 Ind. 363, and during the lifetime of the second childless wife, was effectual to convey the fee, although such second childless wife died after the date of the Utterback-Terhune case and when the children would have been entitled to take as her "forced heirs" if it were not for the deed. In other words, the construction promulgated in *Martindale* v. *Martindale,* 10 Ind. 566, that the second childless wife took only a life estate and the children by the former marriage a remainder in fee, had become a rule of property, and rights that had become vested under that construction could not lawfully be affected by a change of construction any more than they could by legislation. In those cases, the children, by the law in force at the time of their father's death, became invested at once with a remainder in fee. But the principle that was correctly enunciated in those decisions is inapplicable here, because by the law in force at the time of their father's death appellants did not become invested with any estate in the lands that were cast upon their stepmother, but had a mere expectancy, created by the statute, to inherit from her the fee that she derived from her husband. As expectant heirs of their stepmother, appellants must look for their vested rights to the law in force at the time of her death, not to the law in force when she acquired the property. *Brown* v. *Critchell,* 110 Ind. 31, 41. During her life, and before appellants' expectancy had ripened into a vested estate, the law-making power had the right to impose such conditions and make such changes in the law of descent as it saw fit. *Noel* v. *Ewing,* 9 Ind. 37; *Strong* v. *Clem,* 12 Ind. 37, 74 Am. Dec. 200; *McNeer* v. *McNeer,* 142 Ill. 388, 19 L. R. A. 256; *Jackson* v. *Jackson,* 144 Ill. 274; *Lucas* v. *Sawyer,* 17 Iowa 517; *State* v. *Squires,* 26 Iowa 340; *Barbour* v. *Barbour,* 46

Me. 9; *Hathon* v. *Lyon*, 2 Mich. 94; *Magee* v. *Young*, 40 Miss. 164, 90 Am. Dec. 322; *Shell* v. *Duncan*, 31 S. C. 547, 10 S. E. 330, 5 L. R. A. 821; *Richards* v. *Bellingham, etc., Co.*, 47 Fed. 854; *Richards* v. *Bellingham, etc., Co.*, 54 Fed. 209; *Randall* v. *Kreiger*, 23· Wall. 137, 23 L. ed. 124.

In regard to the claim that the act of 1889 was not intended to apply to deeds made prior to its passage, it is enough to say that a bare reading of the sections and title hereinbefore set forth clearly reveals the legislature's intention to stop all such unconscionable practices as were attempted in this case.

The act does not impair any contract of appellants. In its essential nature, the act is the same as one that would take away the defense of non-compliance with the statute admitting foreign corporations to do business in this State, which appellants might otherwise have interposed in an action by a foreign corporation to recover on a contract made here without license. It is a contradiction in terms to say that the taking away of the means by which a contract may be repudiated or ignored and the providing of a remedy to enforce the contract as the parties made it is an impairment of the obligation of the contract. "A party," says Story, "has no vested right in a rule of law which would give him an inequitable advantage over another; and such rule may therefore be repealed and the advantage thereby taken away. To illustrate this remark: If by law a conveyance should be declared invalid if it wanted the formality of a seal; or a note void if usurious interest was promised by it; or if in any other case, on grounds of public policy, a party should be permitted to avoid his contract entered into intelligently and without fraud, there would be no sound reason for permitting him to claim the protection of the Constitution, if afterwards, on a different view of public policy, the legislature should change the rule, and give effect to his conveyance, note, or other contract, exactly according to the

original intention. Such infirmities in contracts and conveyances are often cured in this manner, and with entire justice; and the same may also be done with defects in legal proceedings occasioned by mere irregularities." 2 Story on Const. (5th ed.) 703. And so say the courts. *Satterlee* v. *Matthewson,* 2 Pet. 380, 7 L. ed. 458; *Watson* v. *Mercer,* 8 Pet. 88, 8 L. ed. 876; *Randall* v. *Kreiger,* 23 Wall. 137, 23 L. ed. 124; *Ewell* v. *Daggs,* 108 U. S. 143, 2 Sup. Ct. 408, 27 L. ed. 682; *Gross* v. *United States, etc., Co.,* 108 U. S. 477, 2 Sup. Ct. 940, 27 L. ed. 795; *William* v. *Paine,* 169 U. S. 55, 18 Sup. Ct. 279, 42 L. ed. 658; *Rosenplanter* v. *Provident, etc., Co.,* 91 Fed. 728; *Rosenplanter* v. *Provident, etc., Soc.,* 96 Fed. 721, 37 C. A. A. 561, 46 L. R. A. 473; *Andrews* v. *Russell,* 7 Blackf. 474; *Davis* v. *State Bank,* 7 Ind. 316; *State* v. *Sickler,* 9 Ind. 67; *McGill* v. *Doe,* 9 Ind. 306; *Maynes* v. *Moore,* 16 Ind. 116; *Walpole* v. *Elliott,* 18 Ind. 258, 81 Am. Dec. 358; *Wood* v. *Kennedy,* 19 Ind. 68; *Pierce* v. *Mills,* 21 Ind. 27; *Price* v. *Huey,* 22 Ind. 18; *Maxey,* v. *Wise,* 25 Ind. 1; *Webb* v. *Moore,* 25 Ind. 4; *Perrin* v. *Lyman's Adm.,* 32 Ind. 16; *Henderson* v. *State,* 58 Ind. 244; *Sithin* v. *Board,* 66 Ind. 109; *Taylor* v. *Stockwell,* 66 Ind. 505; *Cookerly* v. *Duncan,* 87 Ind. 332; *Muncie Nat. Bank* v. *Miller,* 91 Ind. 441; *Kelly, Treas.,* v. *State,* 92 Ind. 236; *Bryson* v. *McCreary,* 102 Ind. 1; *Johnson* v. *Board, etc.,* 107 Ind. 15; *Rupert* v. *Martz,* 116 Ind. 72; *Moore* v. *City of Indianapolis,* 120 Ind. 483; *Dowell* v. *Talbot Paving Co.,* 138 Ind. 675; *Schneck* v. *City of Jeffersonville,* 152 Ind. 204; *Green* v. *Abraham,* 43 Ark. 420; *Johnson* v. *Richardson,* 44 Ark. 365; *Dentzel* v. *Waldie,* 30 Cal. 138; *Town of Goshen* v. *Stonington,* 4 Conn. 209, 10 Am. Dec. 121; *Summer* v. *Mitchell,* 29 Fla. 179, 10 South. 562, 14 L. R. A. 815, 30 Am. St. 106; *United States, etc., Co.* v. *Gross,* 93 Ill. 483; *State* v. *Squires,* 26 Iowa 340; *Tilton* v. *Swift,* 40 Iowa 78; *Baugher* v. *Nelson,* 9 Gill (Md.) 299, 52 Am. Dec. 694; *Wildes* v. *Vanvoorhis,* 15 Gray 139;

*State* v. *Torinus,* 26 Minn. 1, 49 N. W. 259, 37 Am. Rep. 395; *Wistar* v. *Foster,* 46 Minn. 484, 49 N. W. 247, 24 Am. St. 24; *Mutual, etc., Ins. Co.* v. *Winne,* 20 Mont. 20, 49 Pac. 446; *State* v. *City of Newark,* 27 N. J. L. 185; *Baldwin* v. *City of Newark,* 38 N. J. L. 158; *Syracuse Bank* v. *Davis,* 16 Barb. 188; *Chandler* v. *Northrop,* 24 Barb 129; *Curtis* v. *Leavitt,* 15 N. Y. 1, at pages 228 and 229; *Forbes* v. *Halsey,* 26 N. Y. 53; *Chestnut* v. *Shane,* 16 Ohio 599, 47 Am. Dec. 387; *Stanley* v. *Smith,* 15 Ore. 505, 16 Pac. 174; *Mitchell* v. *Campbell,* 19 Ore. 198, 24 Pac. 455; *Tate* v. *Stooltzfoos,* 16 Ser. & R. 35, 14 Am. Dec. 546; *Donley* v. *City of Pittsburgh,* 147 Pa. St. 348, 23 Atl. 394, 30 Am. St. 738; *Stokes* v. *Rodman,* 5 R. I. 405; *Shields* v. *Cliflon Hill Land Co.,* 94 Tenn. 123, 28 S. W. 668, 26 L. R. A. 509, 45 Am. St. 700; *Butler* v. *United States, etc., Assn.,* 97 Tenn. 679, 37 S. W. 385, *Town of Danville* v. *Pace,* 25 Gratt. (Va.) 1, 18 Am. Rep. 663; *Skelinger* v. *Smith,* 1 Wash. Ter. 369; *Huffman* v. *Alderson,* 9 W. Va. 616; *Johnson* v. *Hill,* 90 Wis. 19, 62 N. W. 930; *Freiberg* v. *Singer,* 90 Wis. 608, 63 N. W. 754.

Judgment affirmed.